THE MANGELSDORF BROTHERS COMPANY, Respondent, v. HARNDEN SEED COMPANY, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. TRIAL PRACTICE: Pleading: Accounting: Amendment: Statute. Under the statute the failure to plead the items of an account or to attach a statement to the pleading is ground for refusing evidence in regard thereto. But such failure is not a fatal defect and may be remedied by amendment or a subsequent filing of the itemized statement.

2. ————: Continuance: Amendment. Where a petition is amended by filing a statement of the account sued on, it is not error to refuse a continuance when the action and the pleadings and the testimony show the defendant is prepared to meet the issues tendered by the amendment.

3. ————: Counterclaim: Damages: Instruction: Verdict. Where the petition sets up an account and the answer sets up a counterclaim and the verdict is for the full amount demanded in the petition, it is clear the finding of the jury is against the counterclaim, and errors in the instructions relating to the measure of damages arising out of the counterclaim are not fatal to the judgment.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Reed, Yates, Mastin & Harvey* for appellant.

(1) The court erred in refusing to sustain appellant's application for a continuance on the ground that the petition did not describe the goods and merchandise alleged to have been sold and delivered, and no itemized account was filed with the petition, after sustaining appellant's objection to the introduction of evidence on the petition, and permitting respondent to file itemized statement of account in amendment of its petition. Risher v. Thomas, 1 Mo. 739; Dempsey v. Harrison, 4 Mo. 267; Tunstal v. Hamilton, 8 Mo. 500; Bunding v. Blumenthons, 8 Mo. 695; Alt v. Grosclose, 61 Mo. App. 409; Bankston v. Farris, 26 Mo. 175. (2) The court erred in refusing to give at appellant's request instruction C. Where one agrees to sell personal property at or within a particular time and fails to perform his contract, the measure of damages is the difference between the contract price and the market value at the time it should have been delivered. Northrup v. Cook, 39 Mo. 208; Cobb v. Whitsett, 51 Mo. App. 146; Halliday v. Lesh, 85 Mo. App. 285; Warren v. Moyer Mfg. Co., 161 Mo. 124; Wall v. Storage Co., 112 Mo. App. 666; Lee v. Saddlery Co., 38 Mo. App. 205.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) The court properly permitted the account to be attached to the petition, and the overruling of the application for a continuance was a matter wholly within the discretion of the court. Pifer v. Stanley, 57 Mo. App. 516; Riggs v. Fenton, 3 Mo. 28; Bartholow v. Campbell, 56 Mo. 117; Leabo v. Goode, 67 Mo. 126; Railroad v. Halladay, 131 Mo. 440; Rigdon v. Ferguson, 172 Mo. 49; Keltenbaugh v. Railroad, 34 Mo. App. 167; Eastin v. Joyce, 85 Mo. App. 443; Shirk v. Shirk, 75 Mo. App. 573; Laun v. Ponath, 105 Mo. 203. (2) There was no error in giving or refusing to give instructions to the jury. The time for delivery under

the contract was changed by agreement and the modified contract was properly pleaded and proved.    The instructions submitted all issues and correctly declared the law of the case. Stumpf v. Mueller, 17 Mo. App. 283; Schweppe Gro. Co. v. Nolin, 83 Mo. App. 73; Dobbins v. Edmonds, 18 Mo. App. 307; Vinegar Co. v. Whers, 59 Mo. App. 493; Laughlin v. Gerardi, 67 Mo. App. 372; State v. Kyle, 177 Mo. 659; Merton v. Threshing Machine Co., 99 Mo. App. 630; Fender v. Hazeltine, 106 Mo. App. 28; Alexander v. Wade, 106 Mo. App. 141; Jones v. Brownlee, 161 Mo. 258; Chalin v. Witte, 81 Mo. App. 84; Parlin v. Boatman, 84 Mo. App. 67; Gill v. Johnson-Brinkman Com. Co., 84 Mo. App. 456; Bush v. Fisher, 85 Mo. App. 1; Ice Co. v. Tamm, 90 Mo. App. 189.

JOHNSON, J.—Plaintiff, a corporation, brought suit on an account alleging that defendant was indebted to plaintiff in the sum of $507.44, for goods, wares and merchandise sold and delivered, "all of which items of goods, wares and merchandise and the said credits are shown by the itemized statement of account herewith filed."    By an oversight, no itemized statement was filed with the petition, nor was one on file when the trial began.    Defendant demurred to the petition on the ground that it failed to state facts constituting a cause of action, and after the overruling of the demurrer, filed answer.    Later, in an amended answer, defendant alleged that plaintiff entered into a contract with defendant in October, 1904, by the terms of which plaintiff sold six hundred bushels of onion sets to defendant to be delivered on board cars at Atchison, Kansas, between the first and fifteenth days of the following February, for which defendant agreed to pay $1.35 per bushel; that plaintiff delivered three hundred bushels of sets of inferior quality on the 9th day of the following March, and failed to deliver the remainder

of the sets at any time, and that the market value of the goods at the time and place of delivery was $3 per bushel.    Damages resulting from the breach of the contract to deliver were laid at $600 for which sum defendant prayed judgment.    Plaintiff replied admitting the contract as stated in the answer, but alleged that by a subsequent agreement, the parties modified the contract by changing the time and manner of delivery; that plaintiff fully performed the terms of the contract as modified and delivered onion sets of the value of $566.01, and tendered the remainder, but that defendant refused to receive them.    Plaintiff admitted, both in the petition and reply, that defendant was entiled to a credit on the account of $57.47, and judgment was prayed for the amount of the sets actually delivered and retained by defendant, less the credit.

Plaintiff, at the trial, amended the petition by leave of court, changing the amount alleged to be due from $507.44 to $507.24.    Defendant objected to the introduction of any evidence on the ground "that an itemized statement of the account is not set forth in the petition, and no itemized account has been filed with the petition."    The objection was sustained, whereupon plaintiff asked and was granted leave to file an itemized account forthwith.    Defendant then presented the following verified application for a continuance:

"Now comes the defendant and asks the court that this cause be continued until the next term for the reason that plaintiff has been permitted by the court to amend his petition herein filed by the filing of an itemized statement of account, and for the reason that no itemized statement of the account was filed with the original petition in this cause, and for the further reason that the petition in this cause did not contain a statement of the accounts between plaintiff and defendant herein sued on, and for the reason that defendant could not know from the petition filed herein what items

of account the suit was brought upon, and for the further reason that the petition is in form a common law account for merchandise and goods sold, and does not describe the particular goods, for the price of which this suit was instituted."

Plaintiff objected to the granting of a continuance and the court heard oral evidence on the merits of the application, from which it appeared that the contract alleged in the answer and admitted in the reply was the only unsettled business transaction between the parties. Defendant's president, while on the witness stand, was asked by the court: "Well, if you are given a copy of this account and are not required to close your case until tomorrow, so that you could check it up tonight, wouldn't that enable you to present all the information necessary?" To which he replied: "Well, as far as—now, I am in the hands of my attorneys, I suppose." The Court: "No, you are in the hands of the court." "A. Well, as far as I am concerned, yes." The court then said: "I will overrule the application for a continuance, but, further along, if, during the trial of the case, it appears that the defendant has reasonable grounds for renewing the application, I will permit it to do so." Later, in the course of the trial, defendant, unsuccessfully renewed the application for a continuance. Nothing occurred to indicate even faintly that defendant had been caught unprepared in any way by being compelled to go into the trial. The jury returned a verdict for plaintiff for the exact amount demanded in the petition as amended and the cause is here on the appeal of defendant.

We think the court acted properly in permitting plaintiff, over the objection of defendant, to file the itemized statement of the account. The failure either to plead the items of the account in the petition or to refer therein to a statement of account attached to that pleading is made by statute ground for refusing plain-

tiff the privilege of giving evidence relating to the account (section 630, Revised Statutes 1899), but it does not constitute a fatal defect, i. e., one that cannot be remedied either by amendment to the petition or the subsequent filing of an itemized statement, but is a defect which may be cured in either of these ways.

It is urged by defendant that the court erred in overruling its application for a continuance, but we do not find any abuse of discretion in what was done. Defendant was not entitled to a continuance from the mere fact that, in effect, a pleading of its adversary had been amended. The court had the right to call on defendant to show that it was not fully prepared to meet issues tendered for the first time by the amended pleading. Such showing may be made either by affidavit or oral testimony, and where it appears reasonably probable that the applicant is not prepared to go on with the trial, a continuance should be granted, but where, as here, it appears from the pleadings of defendant, his application for a continuance, and his oral testimony, that he has prepared himself to meet the issues tendered by the amendment, it would be nothing short of farcical to grant him a continuance solely on the ground that the petition had been amended in a material respect.

Complaint is made of the rulings of the trial court on the subject of the measure of damages applicable to the cause of action alleged in the counterclaim of the defendant. The verdict being for the full amount demanded by plaintiff in the petition, demonstrates beyond question that the jury found against defendant on the issue of a breach of contract by plaintiff. This being the case, we cannot perceive any reason for believing that defendant might have been prejudiced by the error, if any, which is the subject of present complaint. The jury had to find that plaintiff had broken the contract before it could consider the subject of awarding dam-

:ages to defendant, and this it refused to find.    Error,
to constitute ground for the reversal of a judgment,
must appear to have prejudiced some right of the party
against whom it was committed.    This has been the
statutory rule in this State for some time, and we find
this occasion to be a proper one for its application.

Other points are made, but we find them to be with-
out merit.    The judgment is affirmed.    All concur.