## WILLIAM MERKLE et al., Respondents, v. THOMAS E. POWE, Appellant.

St. Louis Court of Appeals.    Argued and Submitted April 2, 1912. Opinion Filed May 7, 1912.

1. **PLEADING: Action on Account: Amendment of Petition: Filing Account.** Where, in an action on an account, objection to the introduction of evidence is made, on the ground the petition does not comply with section 1832, Revised Statutes 1909, providing that it shall not be necessary for a petition to state the items of an account, but that if it does not set forth the items, a copy of the account shall be attached, it is proper for the court to allow an amendment, either by amending the petition itself or attaching to it a copy of the account.

2. ——: ——: ——: ——: **Right to Continuance: Trial Practice.** Where a petition, in an action on an account, is amended, over defendant's objection, by attaching to it a copy of the account, defendant is entitled to a continuance; but if he fails to ask for a continuance, he loses the benefit of his objection.

3. ——: ——: ——: ——: **Additional Cause of Action.** Where, in an action on an account for lumber sold and delivered, the petition did not contain the items of the account and a copy of the account was not attached, the subsequent filing of such copy, in response to an objection to the introduction of any evidence, did not introduce an additional cause of action because the account was on two bill-heads, one for poplar lumber and the other for cypress lumber; the totals of the two being the amount demanded in the petition.

4. **SALES: Pleading: Surplusage.** In an action on an account for goods sold, which had been assigned to plaintiff by the vendor, allegations in the petition, concerning the contract under which

Merkle v. Powe.

the goods were acquired by the vendor and as to whom he acquired them from were immaterial, and hence were properly disregarded.

5. **PLEADING:** Action on Account: Indefinite Statement: Remedy. In an action on an account for goods sold, an objection that the petition, or a copy of the account filed, is indefinite cannot be made by an objection to the introduction of any evidence, but can be made only by a motion to make more definite and certain.

6. **APPELLATE PRACTICE:** Trial by Court: Review of Facts. In an action tried by the court without a jury, where no declarations of law are asked or given, it will be assumed, on appeal, that the court, in rendering judgment for the plaintiff, found the facts against the contentions of the defendant, precluding a review of assignments of error predicated upon the construction appellant puts upon the facts.

7. **ASSIGNMENTS:** Form: Validity: Question for Jury. In an action on an account for goods sold, alleged to have been assigned to plaintiff by the vendor, whether an endorsement on the bill for the goods, in the form: "Pay to the order of Merkle & Whiton, Daniel Lumber Co., per J. H. Daniel, Mgr.," was an assignment, *held*, under the evidence, to be a question of fact.

8. ――――: Revocation. Where an account is assigned for value, the asignor cannot revoke the assignment.

9. **APPELLATE PRACTICE:** Conclusiveness of Finding. In an action tried by the court without a jury, the findings of the court, when supported by the evidence, are conclusive, on appeal.

10. **SALES:** Damages: Excessive Recovery. In an action on an account for lumber sold, a finding by the court in favor of plaintiff for $1226.14, after allowing defendant credits in excess of the amount demanded by him, is *held* not to be excessive.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*Chilton Atkinson* for appellant.

(1) When a pleading does not comply with the requirements of the statute as to setting forth the items

of the account, or attaching the bill of items thereto, the adverse party may either move to have it made more definite or at the trial object to the introduction of any evidence in support of it. The plaintiffs in this case were given an opportunity to make a second amendment, but elected to stand on the petition as first amended. Dawson v. Quillen, 61 Mo. App. 676. (2) The petition as amended did not conform to section 630 of the Revised Statutes 1899 (Sec. 1832, Rev. Stat. 1909), and the amendment introduced an additional cause of action. Macadam v. Scudder, 127 Mo. 354. (3) This defendant properly showed, under the general issue, lack of title in J. H. Daniel to the lumber bought from Grace and referred to in Exhibit "F," and that no title passed from Grace. Thomas v. Ramsey, 27 Mo. App. 94. (4) If Exhibits "B" and "F" amounted to assignments they were invalid because never finally delivered; especially is this so as to Exhibit "F," because it was given and received on the condition that it should only become valid in the event that the draft to Grace should be immediately paid. The draft was not paid and therefore the condition controlling the delivery nullified the whole transaction. Shelton v. Durham, 7 Mo. App. 585, 76 Mo. 437; Hunt v. Ford, 142 Mo. 305; Burke v. Dulaney, 153 U. S. 234; Ware v. Allen, 125 U. S. 590; Pym v. Campbell, 6 E. L. and L. B. 370. (5) Where an assignment is made upon a condition the assignor is the owner until the condition is complied with. Hackett v. Safe Deposit Co., 7 Mo. App. 581. (6) The plaintiffs could not receive the alleged assignments as security for advances agreed to be made and hold them, or either of them, as security for another account. They were bound to apply the security to the particular debt specified or to be created. Poulson v. Collier, 18 Mo. App. 583; Longworth v. Aslin, 106 Mo. 155; Lumber Co. v. Stewart, 78 Mo. App. 456. (7) The plaintiffs cannot claim title to the lumber itself under the pleadings. Furthermore, they

could not claim title as against the defendant because they never had possession, either actual or constructive, of the property, and under such condition the conveyance to them would be void as to subsequent purchasers as well as creditors. Bevans v. Bolton, 31 Mo. 437. (8) Plaintiffs could not be benefited on the theory that they were principals instead of creditors, because they would then be bound by the contract between Daniel and Grace that the title should not pass until the cash should be paid for the lumber. If the title did not pass from Grace the defendant, of course, would not be liable. Mfg. Co. v. Culp, 83 Mo. 548. (9) The accounts had no actual existence at the date when they are alleged to have been assigned. Therefore they could not be subject to a legal assignment. Hassie v. G. I. W. U. Congregation, 38 Cal. 386. (10) The accounts in this case were too vague and uncertain at the time of the alleged assignment to constitute the basis even of an equitable assignment. Kendall v. U. S., 7 Wallace 116; Hall v. Jackson, 20 Pick. 194. (11) Defendant could not pay the accounts to plaintiffs after J. H. Daniel countermanded his order or request. Commission Co. v. Railroad, 72 Mo. App. 444.

*Lee W. Grant* for respondents.

(1) An assignment need not be evidenced by a formal document. Any act showing intention of the parties is sufficient. Smith v. Sterritt, 24 Mo. 260; Johnson Co. v. Bryson, 27 Mo. App. 341; Roeder v Shryock, 61 Mo. App. 485. (2) The general agreement under which the parties had been acting was sufficient without the assignment on the statements. An assignment need not be in writing. Price v. Mining Co., 83 Mo. App. 470; Boyle v. Clark, 63 Mo. App. 473. (3) An assignment of a thing not *in esse* is now recognized and will become effective at law when the thing comes into being. Hax v. Plaster Co., 82 Mo. App. 447; Bell v. Mulholland, 90 Mo. App. 612. (4) The three cars

Merkle v. Powe.

of poplar lumber and one car of mixed shipped to defendant was not an individual transaction, but was part of a purchase of 100,000 feet of which the greater part had already been shipped and payments had been made to Grace. The general contract attached to these cars as an assignment upon each shipment without more. Price v. Mining Co., supra. (5) As the legal title to the account was in plaintiffs, it was immaterial whether or not plaintiffs had agreed to pay, or had paid the draft drawn by Daniel on them for Grace. Even if plaintiffs were in default with respect to the draft, that would be no defense to this action. Wolff v. Matthews, 39 Mo. App. 376; Houssels v. Jacobs, 178 Mo. 579. (6) As no declarations of law were asked and no findings of fact were made by the court, every presumption is in favor of the ruling of the trial court. Sell v. Bretelle, 162 Mo. 373; Rosche v. Walker, 81 Mo. App. 616. (7) As the undisputed evidence shows an assignment, both under the general contract and under the written assignment delivered to plaintiffs by Daniel, even though there were a third party claiming the debt, yet the judgment must be for plaintiffs. Boyer v. Hamilton, 21 Mo. App. 520.

REYNOLDS, P. J.—Plaintiffs in their petition in this case set out that at a time named, one Daniel had sold and delivered certain lumber to defendant for the sum of $1857.53; that thereafter Daniel assigned for value received his account against defendant to plaintiffs, of which defendant was duly notified; that a bill itemizing the lumber so sold and delivered by Daniel to defendant is filed with the petition and marked as Exhibits "A and B;" that the lumber was sold for cash and the purchase price became immediately due and payable upon delivery and that plaintiffs having demanded of defendant payment of the indebtedness, the demand had been refused, wherefore plaintiffs pray judgment for the sum of $1857.53 and costs. There are

various other allegations in the petition setting out the contract between Daniel and a man named Grace, from whom, it is averred, Daniel had purchased this lumber, and setting out the contract between Daniel and Grace as to the payment for it. We do not set them out as the learned trial judge held that the question of from whom Daniel had purchased the lumber, and the possible relations between them, had no place in the petition, and that he regarded that matter as surplusage and would disregard it, overrule testimony as to that, and try the case on the theory that Daniel had sold defendant a certain amount of lumber and after that had assigned the account against defendant for it to the plaintiffs.

The answer, after a general denial, sets up that what was called an assignment was in fact an order or request from Daniel to defendant to pay the money to plaintiffs, and that it was subject to revocation and was in fact revoked by Daniel prior to the institution of this suit and prior to the notice of the revocation alleged to have been made by Daniel. It is further set up in the answer, by way of set-off, that prior to the alleged notice of ownership of the assignment from Daniel to plaintiffs of the account, defendant had advanced and paid to Daniel the sum of eighty dollars in cash and that there was due from defendant to Daniel on account stated an additional sum of seventy dollars, "and that therefore the sum of $150 is due to this defendant as a credit and set-off against any account which may have been due to plaintiffs under the alleged assignment."

There was a reply by way of general denial to this new matter.

The cause was tried before the court, a jury having been waived. At the beginning of the trial and as soon as the first witness was placed upon the stand, defendant objected to the introduction of any testimony in the case on the ground that this is a suit

upon account and that plaintiffs, as assignees, stand simply in the shoes of the original creditor, if there was one, and are subject to conform in the same way with the rule and the statute in regard to pleadings, and that this being a suit on an account, and plaintiffs, not having set out the items of the account in the petition, should have attached to their petition a copy of the account, referring to what is now section 1832, Revised Statutes 1909. It appeared that the account referred to was on two papers, actually two bills for lumber, made out on the letterhead of Daniel, and against Thomas E. Powe Lumber Company, that being the trade name of defendant, one of them for 27,299 feet of cypress lumber, charged at $836.96, the other for 38,000 feet of poplar lumber charged at $970.57, each dated December 20, 1909. The only items in the account, beyond the number of feet and character of the lumber, were figures showing the dimensions of the lumber and the numbers and initials of the cars in which it had been loaded. On each of these bills was this indorsement: "Pay to the order of Merkle & Whitton, Dothan, Ala. Daniel Lbr. Co., pr. J. H. Daniel, Mgr." It appeared that the originals of these two accounts had been attached as exhibits to depositions taken in Alabama at the instance of plaintiffs, which depositions had been returned and filed in court prior to this case being called for trial. When the objection was made to the reception of any evidence because of the absence of an itemized account from the petition, or of the account being attached as exhibits, and it was shown that these originals were attached to the depositions, the court gave plaintiffs' counsel leave to file copies of these accounts instanter, attaching them to the petition. This appears to have been done, or treated as done, and defendant's motion was overruled. Whereupon defendant, excepting, then objected to the reception of any evidence because the petition, as he claimed did not state facts sufficient to

constitute a cause of action and because these accounts, even as now shown, were so indefinite and lacking in dates and figures and specifications as to afford no information as to the particular kind of lumber to which they related. This was overruled, defendant duly saving exception. The court thereupon asked counsel for plaintiffs if he was ready to proceed with the trial on the petition as it then stood, amended by the attachment of these exhibits, and that counsel announcing that he was, the trial proceeded.

At its conclusion the court found in favor of plaintiffs and rendered judgment in their favor for $1226.14, crediting the account with certain discounts which were to be allowed according to the arrangement between Daniel and the defendant and with the freight, and with $110 advances which defendant had made to Daniel prior to notice of his transfer of the account to plaintiffs, and also crediting the account with seventy dollars, which it appeared Daniel owed defendant prior to the transfer, the total credit allowed being $740.84. Interposing a motion for a new trial as well as one in arrest and saving exceptions to these being overruled, defendant has duly perfected his appeal to this court.

It is argued by the learned counsel for appellant, that the court committed error in allowing the amendment to the petition by attaching to it the accounts above referred to, and that the petition as amended introduced an additional cause of action. As to the first proposition, it has been held in many cases that when objection is made to the introduction of evidence on the ground stated, that it is proper for the court to allow amendment, either by amending the petition itself or attaching exhibits, as see Mangelsdorf Bros. Co. v. Harnden Seed Co., 132 Mo. App. 507, 112 S. W. 15. When the copies of the accounts were filed, it was within the right of defendant to have claimed a continuance. A very careful examination of the abstract of the record which that counsel has furnished,

fails to show that defendant asked a continuance. Failing that, he must be held to have lost the benefit of his objection.

We are unable to see that the amendment introduced an additional cause of action. The accounts were on two billheads, one for poplar, one for cypress, but the totals of the two were within the amount demanded in the petition. As held by the trial court, we hold that it was immaterial from whom Daniel had purchased the lumber.

The objection that the petition, before the amendment or even after the amendment, was indefinite in that it did not set out the items with particularity, came too late; or, conceding that it was made as soon as the copies of the accounts were filed, it should have been raised by a motion to make the petition or account more certain and definite. It could not be made by objection to the admission of any evidence. As no such motion was made, this point is out of the case. [Hartford v. Boyes, 56 Mo. App. 139.] Stripped of its surplusage, the petition did state a cause of action. It might have been successfully attacked by motion or demurrer, but neither course was pursued, save that at the trial it was attacked by objection to the introduction of any evidence. This objection was properly overruled. The petition was good against that mode of attack.

The remaining points and errors assigned will undoubtedly appear in the report of the briefs of counsel, and we will not repeat them here. They all turn on the view counsel takes of the evidence in the case: on the construction counsel place upon the facts, assuming that the facts found by the court were as counsel claims. The trouble with these assignments of error is, that it is apparent from the finding of the court that he did not take counsel's views of the evidence and did not reach the conclusion on the facts drawn by appellant's counsel. We can only know

the view taken by the learned trial court of the facts, from his finding for plaintiffs, no declarations of law being asked or given, save that at the conclusion of plaintiff's evidence defendant interposed a demurrer which was overruled. We must therefore assume that the court found the facts against the contention of appellant: that is to say, he found that the account for this lumber had been assigned to plaintiffs, and that they were entitled to judgment for a certain amount. It is due the learned judge who tried the case, to say that he seems to have been exceedingly liberal in the admission of practically all the testimony offered by either side, but we find no reversible error in his rulings on the evidence. The question of whether the order attached to the two bills constituted an assignment, was, under the evidence, a question of fact. Plaintiffs' testimony tended to show it was made for full value; made in the form of an order to pay, but in fact, intended between the parties as an assignment and for value, of the whole account. The court must have found that it was an assignment and for value, and if that was so, it was beyond the power of the assignor to revoke it. With abundant evidence supporting that finding, we cannot disturb it.

It is charged that the verdict is excessive. We do not think so. It will be noted that in passing upon the case the court allowed defendant much larger credits than he had asked for. The only credit that he claimed as a set-off amounted to $150 for advances made Daniel, whereas the trial court allowed a credit of $740.84, which included discounts and freight, as well as advances made by defendant to Daniel before the assignment or transfer of the account, and seventy dollars due on some cars previously shipped by Daniel to defendant.

We find no reversible error. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.