## BANNER LUMBER COMPANY, Appellant, v. JOSEPH J. ROBSON et al., Respondents.

**St. Louis Court of Appeals, April 7, 1914.**

1. **MECHANICS' LIENS: Timely Filing of Lien: Sufficiency of Evidence.** In a proceeding to enforce a mechanic's lien, where the question as to whether the lien was filed in due time depended upon whether or not the material set out in two items of the lien account went into the improvement, evidence *held* to sustain a finding that the material went into the improvement and that the lien was filed in due time.

2. ————: **Sufficiency of Account: Abbreviations: Evidence.** A mechanic's lien account is not vitiated by the use of abbreviations, and, if necessary, evidence *aliunde* may be resorted to at the trial to explain the meaning of trade abbreviations therein used.

3. ————: ————. It is enough that a mechanic's lien account sufficiently reveals the material for which the lien is sought, to apprise the owner and the public of the nature thereof and disclose that the demand is one within the lien law.

4. ————: ————. In an action to enforce a mechanic's lien, *held* that the lien account, although using abbreviations and trade terms, sufficiently revealed the material for which the lien was sought, to apprise the owner and the public of the nature thereof and disclose that the demand was one within the lien law.

5. **PLEADING: Departure: Waiver by Pleading Over.** By pleading over, defendant waives the right to object to an amended petition on the ground that it counts on a different cause of action than that counted on in the original petition.

6. **MECHANICS' LIENS: Pleading: Amendment: Relation Back.** Where the gist of the action counted on in an amended petition, filed in an action to enforce a mechanic's lien, is the same as that counted on in the original petition, the amendment relates back to the institution of the suit.

7. ————: *Sufficiency of Account: Eliminating Lumping Charges.* Lumping charges may be eliminated from a mechanic's lien account without vitiating the entire lien.

8. ————: ————: **Lumping Charges.** Items of a mechanic's lien account are not lumping charges, necessitating their elimination, merely because quantities of material of the same kind

and price, furnished on different days, are grouped together, instead of the quantity sold and delivered on each day being set out separately, where the quantity of material furnished and the price per unit of measurement is stated.

9. ———: ———: **Pleading Items.** A mechanic's lien account is not rendered void by the failure to set a date opposite each item, where the lien statement, as a whole, discloses that the items were furnished between certain dates and within the proper time.

10. ———: ———: **Substantial Compliance.** The mechanics' lien statute (Sec. 8217, R. S. 1909), requiring a just and true account to be filed, is satisfied by a fair and substantial compliance; the tendency of the courts being toward decided liberality in applying and enforcing the statute.

11. ———: ———: **Excessiveness.** A mechanic's lien is not vitiated by reason of the account being slightly excessive, where such excessiveness resulted from an honest mistake.

12. ———: ———: **Rights Involved.** Great liberality should be used in passing upon the validity of a lien account which is informally and loosely prepared, where only the rights of the owner, who ordered material from plaintiff on the contractor's account and looked after its delivery, are involved.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*Robt. W. Hall* and *Henry Higginbotham* for appellant.

(1) The character of the materials is sufficiently described if stated in the lien account or if it can be found anywhere within the four corners of the papers filed with the intention of charging the property with the lien. O'Shea v. O'Shea, 91 Mo. App. 221; Holland v. Cunliff, 96 Mo. App. 67; Lumber Co. v. Watson, 158 Mo. App. 179; Fireproof Hotel Co. v. Jones, 116 Fed. 793; Knabb's Appeal, 10 Pa. St. 181, S. C. 51 Am. Dec. 472. (2) A mechanic's lien filed with the circuit clerk is not a pleading. Lumber Co. v. Investment Co., 168 Mo. App. 342; Planing Mill Co. v. Allison,

138 Mo. 50. (3) When the lien paper taken all together is sufficient to apprise the owner and the public of the general nature of the materials and demand of the claimants, then trade abbreviations may be explained by parol at the trial, if it is necessary to do so. Lumber Co. v. Watson, supra; Lumber Co. v. Capron, 145 Mo. App. 497; Lumber Co. v. Stoddard Co., 113 Mo. App. 306. (4) Substantial compliance with the statute is all that is necessary. Williams v. Stroub, 168 Mo. 346. (5) The omission to state in the items of debit that they are lumber may be supplied by the word "lumber" in another part of the account; in these cases by the word "lumber" at the head of the account. Henry v. Plitt, 84 Mo. 237; Lumber Company v. Stoddard Company, 113 Mo. App. 308. Or by the word "lumber" elsewhere in the lien paper than at the head. Schulenberg v. Werner, 6 Mo. App. 292; Lumber Co. v. Capron, supra; Same v. Watson, supra. (6) Even where one paper refers to another for its terms it is the same as though the words of the one referred to were inserted in the former; the same is true as to papers "annexed" to the principal one. The terms of the one must be read into the other. O'Shea v. O'Shea, 91 Mo. App. 221; Ramlose v. Dollman, 100 Mo. App. 347; St. Louis v. Gas Light Co., 155 Mo. 1; McKinney v. Doane, 155 Mo. 287, 9 Cyc. 582. (7) An account is a matter of debit and credit, or demand in the nature of debt and credit, between parties. Lumber Co. v. Stoddard Co., 113 Mo. App. 306; Holland v. Cunliff, 96 Mo. App. 67; Gibson v. Jenkins, 97 Mo. App. 27. Anderson's Law Dict., "Account," page 16; Black's Law Dict., "Account," page 17; 1 Bouvier's Law Dict., Rawes Rev. "Account," page 63; 1 Am. & Eng. Enc. of law (2 Ed.), 434; 1 Cyc. 362. (8) Anything that constitutes a debit or credit is properly a part of the account. Gibson v. Jenkins, 97 Mo. App. 27. (9) Where the parties had it in contemplation that the whole of the items should form

but one and not distinct matters of settlement, the whole account must be considered as a unit or a single demand. Page v. Bettes, 17 Mo. App. 366; Bruns v. Braun, 35 Mo. App. 337; Gibson v. Jenkins, 97 Mo. App. 27; Lumber Co. v. Building Co., 134 Mo. App. 316; Lumber Company v. Harris, 107 Mo. App. 148; Coal Co. v. Steamboat Colona, 36 Mo. 446; Boylan v. Steamboat Victory, 40 Mo. 244; Fulton Iron Works v. North Center Creek Iron & Smelting Co., 80 Mo. 265; Stine v. Austin, 9 Mo. 558; Ring v. Jamison, 2 Mo. App. 584; s. c. 66 Mo. 424. (10) "Credits." The opposite of debits. "Credit." In bookkeeping, the side of an account on which payment is entered; opposed to debit; that side of the personal account on which everything is entered that answers to an offset to a debt; that which is entered in an account as an offset to a debt; or for which the party in whose favor the entry is made becomes the creditor of another. 11 Cyc. 1191. (11) The credit side, when there are credits, is as essential and is as much a part of the account as the debit side. The two sides of the account necessarily refer to each other and must be seen and considered together in order to determine what constitutes the account. And necessarily the credit side may aid the debit side. Definitions and authorities, supra, 7, 8, 9, 10. (12) The mechanic's lien statute of Missouri refers specifically and in terms to "credits," but nowhere, except by implication, refers to "debits." R. S. Mo. 1909, Secs. 8217, 8223. (13) If one paper by reference to another may incorporate terms of the other, or be read into the other, why may not the one side of an account—which is a unit composed of debits and credits—incorporate allegations stated in the one side, but omitted in the other? The words "lumber," "lath," and "millwork" on the credit side, could not have possibly referred to any material except material of the same nature on the debit side of the same ac-

count. (14) The fact that an item in the lien account is open to the objection of "lumping" is no ground for rejecting the lien, when the rest of the account is properly itemized. The lien may be good as to the materials properly itemized, though not good as to the items "lumped." Ittner v. Hughes, 133 Mo. 679; Johnson v. Building Co., 23 Mo. App. 546; Walden v. Robertson, 120 Mo. 38; McLaughlin v. Schawacker, 31 Mo. App. 365; Lumber Co. v. Strimple, 33 Mo. App. 154; Boisot on Mechanic's Liens, Secs. 425, 428. (15) A mechanic's lien has precedence over both buildings and land as to subsequent encumbrances and precedence over buildings alone as to prior liens, encumbrances or mortgages on the land. R. S. Mo. 1909, Secs. 8215, 8219; Holland v. Cunliff, 96 Mo. App. 67; General Fire, Etc., Co. v. Elevator Co., 165 Mo. 171. (16) Though the petition declares on a joint obligation against several defendants, and the evidence only shows an obligation of a single defendant, judgment may be had against the one defendant liable. Lumber Co. v. Investment Co., 168 Mo. App. 342; Bagnell v. Railroad, 242 Mo. 11, overruling same case, 180 Mo. 241; Hutchinson v. Safety Gate Co., 247 Mo. 71.

*Frank C. O'Malley* for respondents.

(1) The referee and court did not err in holding the lien paper insufficient, because it nowhere shows on its face, either in the preliminary statement, the account or any part of it, what materials are contained in the account. Dwyer Brick Works v. Flannigan, 87 Mo. App. 340; Rude v. Mitchell, 97 Mo. 372; Grace v. Nesbitt, 109 Mo. 9; Baker v. Smallwood, 143 S. W. 518; Rechnitzner v. Vogelsang, 117 Mo. App. 148; Rothenburg v. Beard, 150 S. W. 871; Planing Mill Co. v. Allison, 138 Mo. 50; Foster v. Wulfing, 20 Mo. App. 89; O'Shea v. O'Shea, 91 Mo. App. 221; Lumber Co. v. Stoddard, 113 Mo. App. 306; Armstrong v. Chis-

holm, 1 N. Y. App. Div. 443; Lumber Co. v. Watson, 158 Mo. App. 179; Lumber Co. v. Capron, 105 Mo. App. 497. (2) Parol testimony is not admissible to explain the abbreviations here, because in this case it would be necessary to first prove by parol testimony what class of materials the abbreviations refer to. That would be doing more than explaining the abbreviated terms. It would be adding to the lien paper by parol testimony, since there is a clear distinction between testimony interpreting the abbreviations and testimony attempting to show the class or classes of materials referred to. Cases supra. (3) The lien paper is insufficient because it is full of lumping charges. Codling v. Nast, 8 Mo. App. 573; Kern v. Pfaff, 44 Mo. App. 29. (4) The judgment should be affirmed because it is clearly for the right parties. (a) The affidavit to the lien paper was at no time offered in evidence, and has no place in this record. Boland v. Webster, 126 Mo. App. 591. (b) There is no testimony in this case showing that plaintiff's account against the contractor, Robson, accrued within four months before the filing of the lien. There is no testimony showing that Robson is properly chargeable with the last two items in plaintiff's account. Allen & Co. v. Mining Co., 73 Mo. 688; Henry et al. v. Malone et al., 23 Mo. App. 83; Gauss v. Hussman, 22 Mo. App. 115; Darlington v. Eldridge, 88 Mo. App. 525; Baker v. Smallwood, 143 S. W. 518. (c) Plaintiff's lien paper mingles in one lien an account against defendant Robson with an account against defendant P. O'Malley. All the testimony in the case shows that P. O'Malley purchased the last two items on his own account. Miller v. Hoffman, 26 Mo. App. 199; Livermore v. Wright, 33 Mo. 31; Gauss v. Hussman, 22 Mo. App. 119; Schulenburg v. Vrooman, 7 Mo. App. 133; Allen v. Trumet, Etc., 73 Mo. 688; Darlington v. Harris, 107 Mo. App. 148; Hugan v. Higgs, 43 Mo. App. 161. (d) The fact that defendant P. O'Malley requested a statement of

Robson's account, and stated to plaintiff that Robson had left, was sufficient to put plaintiff on its guard that defendant Robson had turned over the houses to the owner. Naughton v. Nicholson, 97 Mo. App. 332. (e) Plaintiff has failed to prove a sufficient running account as is required by our statute. Charles Miller, Trustee, Etc., v. Herber et al., 62 Mo. App. 682. (f) Plaintiff's account is not such an account as is required by the statute; because it is not a true one. The original petition gave a credit of $2.46, which is neither given in the lien paper nor the amended petition. Poppert & Sons v. Wright, 52 Mo. App. 576; Schulenburg v. Vrooman, 7 Mo. App. 137. (g) All of the testimony shows that the materials set out in the last two items of the lien account were ordered by defendant O'Malley after Robson turned over the buildings; that said materials were used in constructing coal bins; that coal bins were not provided for in Robson's contract. Hence, if Robson had no contract to build coal bins he could not charge the buildings with a lien therefor, even if he had ordered the stuff for the coal bins himself. Plaintiff is bound by the limits of Robson's contract. Henry v. Rice, 18 Mo. App. 510; Hengstenberb v. Heydt, 109 Mo. App. 622; Scott v. Cook, 8 Mo. App. 196; Western Sash and Door Co. v. Buchner, 80 Mo. App. 100. (h) Plaintiff's petition alleges a contract between defendant Robson and defendants Maggie O'Malley and Patrick O'Malley. There is a complete failure to prove such a contract. Plaintiff should prove the contract as alleged. Coon v. Bittman, 150 S. W. 1137; Davis et al. v. Creamery Ass'n, 63 Mo. App. 480; McAdow v. Miltenberger, 75 Mo. App. 346. (i) Defendants have the right to plead the ninety-day limitation because this suit really dates from the filing of the amended petition. Bernard, Administrator, v. Mott, 89 Mo. App. 408. (j) The amended petition was filed August 1, 1910, more than ninety days after July 11, 1908, the date of the filing of

the lien paper. The amended petition was in fact a new suit, since it declared on a different lien, a different account and against different property. The same evidence could not support both petitions. Purdy v. Pfaff, 104 Mo. App. 331. (k) There is a complete failure to prove the account in the amended petition and in the lien paper. The record shows that all of the evidence to prove an account in this case was offered before referee George E. Smith to support plaintiff's original petition and the account therein contained. After referee Smith had filed his report and found that the account in plaintiff's original petition was not the same account as that contained in plaintiff's lien paper and prior to the hearing before referee Diehm, plaintiff amended its petition by changing the entire account. There was no evidence whatever offered before referee Diehm to support this new account. The accounts being different the same evidence could not support both. O'Shea v. O'Shea, 91 Mo. App. 221.

ALLEN, J.—This is an action to enforce a mechanic's lien for work and labor done and materials furnished by the plaintiff under contract with defendant Robson, the general contractor for the erection of certain buildings in the city of St. Louis, of which buildings, and the lots upon which they were erected, Maggie O'Malley was the owner. The latter died during the pendency of the suit, and the cause was revived against her administrator. Patrick O'Malley was the husband of Maggie O'Malley, now deceased. Phillip Lenz and Alvin J. Lenz are made defendants because of a certain deed of trust executed by Maggie O'Malley and her husband to said Philip H. Lenz, as trustee, to secure the payment of certain notes payable to defendant Alvin J. Lenz; and Byrne is joined as a defendant because of a subsequent conveyance to him of a portion of the property sought to be af-

fected by the lien. The judgment below was against the contractor only, the lien being denied, and the plaintiff appeals.

The lien was filed in the office of the circuit clerk on July 11, 1908, and the suit was instituted September 19, 1908. Thereafter, George E. Smith, Esq., of the St. Louis Bar, was appointed referee to try all of the issues. Said referee heard testimony and reported his findings and conclusions to the court, recommending judgment against the contractor, Robson, but that the lien be denied. Thereupon exceptions filed to this report by both plaintiff and the defendant were sustained, and the court appointed a new referee, to-wit, Walter Diehm, Esq., of the St. Louis Bar, to try all of the issues. Thereupon the plaintiff by leave of court filed an amended petition. The second referee tried the cause upon the amended petition and answer thereto, and upon the testimony taken before the first referee and certain further testimony adduced; and in his report to the court also recommended a personal judgment against the contractor and that the lien should be denied. To this report the plaintiff filed exceptions, which were overruled by the court, and judgment was entered as recommended; from which judgment the plaintiff's appeal is prosecuted.

There is some controversy as to whether the lien was filed in time. The last three items in the lien account are dated February 21, March 24, and April 2, 1908, respectively. As the lien was filed July 11, 1908, it must depend upon the last two items of the account. The controversy in this regard turns upon whether these two items were sold for and on the Robson account, or were sold to Patrick O'Malley personally for work outside of the contract. Without stating the evidence pertaining to this question, we may say that we agree with the view taken by both referees that the lien was filed in time.

To an understanding of the crucial questions involved, it is first necessary to explain the nature of the lien statement filed. It sets out that the plaintiff, with a view to avail itself of the benefit of the mechanic's lien statute, "files the account below set forth for the work and labor done and materials furnished by it under contract with J. J. Robson, contractor," etc. Then follows the description of the property with a statement that the account filed is "as per itemized bill attached hereto and marked Exhibit 'A.'" Then follows "Exhibit A," which sets out the account of plaintiff with Robson, the contractor. It is dated April 1, 1908, and is on office stationery of the Banner Lumber Company. The various columns are headed "date," "pieces," "sizes," "length," "feet," "prices," "amount," "total." The account contains a long list of debit items, expressed chiefly by abbreviations and trade terms. Among a number of credit items appear cash credits on account of "lumber," "millwork" and "lath," respectively.

To the original petition was attached an account, referred to in the petition as a "bill of particulars," and marked "Exhibit A." This account was likewise upon stationery of the Banner Lumber Company, with the columns headed in like manner as the account in the lien statement. But the body of the account differed from the lien account in certain particulars, especially in that certain items of the latter were subdivided, the prices divided, new dates given, and the same distributed throughout the account. This resulted in a considerable increase in the number of items charged. As an illustration of this, the ninth item in the original account, which was for 7790 feet of star yellow-pine flooring, and undated, was, in the account filed with the petition, subdivided into six items which are scattered through the latter account beginning with the date of October 19th and ending with the date of November 14th. In like manner the

first ten items in the original account were subdivided, with their prices, and scattered throughout the account under various dates. The proof taken before the referee went to establish the items of the account annexed to the petition, with their dates and prices. The total thus shown to be due exceeded by $2.46 the amount of the lien account filed, and plaintiff gave a voluntary credit for this amount.

The amended petition, however, which was filed after the referee first appointed had recommended that the lien be denied, abandoned the account attached to the original petition, which we have explained above, and counted upon the account contained in the lien statement. The cause thereupon proceeded before the second referee upon the testimony taken by the referee first appointed, so far as concerns the proof of the lien account. The further testimony taken by the second referee pertained to the deed of trust in question, together with the testimony of one witness explaining the meaning of abbreviations and trade terms used in the lien account.

It is urged that the original lien account is fatally defective in that the abbreviations and trade terms used do not reveal the nature of the materials for which a lien is sought, and that neither the preliminary statement in the lien paper nor the affidavit thereto help out the account itself in this particular. The preliminary statement in the lien paper is merely that the account is for "work and labor done and materials furnished;" and such is the language of the affidavit appended thereto.

Concerning the validity of a lien account of this nature this court held in Lumber Co. v. Capron, 145 Mo. App. 497, 122 S. W. 1085, and in Lumber Co. v. Watson, 158 Mo. App. 179, 138 S. W. 690, that the account was not vitiated by the use of abbreviations, and that, if necessary, evidence *aliunde* may be resorted to at the trial to explain the meaning of trade

abbreviations therein utilized. [See also Henry v. Pitt, 84 Mo. 237; Kneisley Lumber Co. v. Stoddard, 113 Mo. App. 306, 88 S. W. 774.] In Lumber Co. v. Watson, and Lumber Co. v. Capron, supra, the lien was sustained, in part, upon the ground that in the lien paper, outside of the account itself, it was stated that the lien was sought "for work done, lumber, millwork, hardware and materials furnished;" and the itemized account read in connection with the statement which preceded it, and the affidavit, made clear the nature of the various materials which were furnished according to the itemized account.

In Mitchell Planing Co. v. Allison, 138 Mo. 50, 40 S. W. 118, the Supreme Court said that it would be unreasonable to expect such an accurate and careful statement of account in the lien paper as might be required of an attorney in bringing an action, and that the account which the mechanic's lien law contemplates, "is such a statement of the claim as fairly apprises the owner and the public of the nature and amount of the demand asserted as a lien," but that, to be valid, "it must disclose on its face that the demand is of a sort within the terms of the lien law."

It would appear that the lien account here in question sufficiently reveals the material for which the lien is sought, to apprise the owner and the public of the nature thereof and to disclose that the demand is one within the lien law.

Respondents urged below, as they do here, that the amended petition counts upon an entirely different cause of action from that of the original petition. Respondents, however, by pleading over, waived even a change in the cause of action. [See Forrister v. Sullivan, 231 Mo. 352, 132 S. W. 722; Phillips v. Barnes, 105 Mo. App. 421, 80 S. W. 43; Grymes v. Mill & Lumber Co., 111 Mo. App. 358, 85 S. W. 946.]

But it is urged that, since the amendment, as it is claimed, substituted a new cause of action, the suit

to enforce the lien dated from the time of filing the amended petition and hence was not brought within the ninety day period. But this contention is obviously without merit, for the reason that it is apparent that the amended petition, counting upon the original lien account, did not declare upon an entirely different cause of action. The gist of the action was the same, and the amendment related back to the institution of the suit. [See Stewart & Jackson v. Van Horne, 91 Mo. App. 647; Finer v. Nichols, 158 Mo. App. 544, 138 S. W. 889; Merkle v. Powe, 165 Mo. App. 410, 147 S. W. 1104; Gruner Lumber Co. v. Hartshorn-Barber Realty & Bldg. Co., 171 Mo. App. 614, 154 S. W. 846.]

The difficultty, however, with the plaintiff's case in this regard is that the evidence which it adduced in support of its account, which was introduced before the first referee under the original petition, went to prove the various items of the account attached to that petition, with their dates and prices, many of which differed from that of the account contained in the lien statement filed. The items of the account annexed to the original petition appear to have been intended to include all of the items of the lien account, many of the latter being subdivided. But the evidence adduced before the first referee in support of the account annexed to the original petition is unsatisfactory as proof of the items of the lien account. The latter appears to contain more of certain materials that the proof went to establish, as we gather from the evidence. Also there are certain lumping charges which must be eliminated—as they may, without vitiating the entire lien. [See Walden v. Robertson, 120 Mo. 38, 25 S. W. 349; Ittner v. Hughes, supra; Johnson v. Building Co., 23 Mo. App. 546.] By this we do not mean that the items of the lien account are lumping charges merely because the account groups together certain items of material of the same kind and price, instead of separately stating the amounts thereof sold and delivered

on certain days. As to the grouping of such items it would appear that these cannot be said to be lumping charges where the quantity of material is stated and the price per unit of measurement. It would appear that the only real objection to this is that the account, as to such items, does not show the precise dates at which the various deliveries were made. But a lien account is not rendered void by the failure to set a date opposite each item, where the lien statement as a whole discloses that the items thereof were furnished between certain dates and within the proper time. [See Mitchell Planing Mill Co. v. Allison, supra; Ittner v. Hughes, 133 Mo. 679, 34 S. W. 1110.]

It is true that the statute requires a just and true account to be filed. And it has been said that "the lienor must stand or fall by the lien which he files and the dates and items which he specifies." [Coe v. Ritter, 86 Mo. 287.] But the present policy of our courts is to require but a fair and substantial compliance with the statute. And what was said in Coe v. Ritter, supra, has been greatly modified by the decision in Mitchell Planing Mill Co. v. Allison, supra; and the tendency of our courts is toward decided liberality in applying and enforcing the mechanic's lien statute.

Neither will the fact alone that the account may be excessive by $2.46 vitiate the lien for the amount which may be actually due. This court in Hydraulic Press Brick Co. v. McTaggert, 76 Mo. App. 347, said:

"It was not, however, the object of the statute to create a Procrustean rule of literal exactitude in the filing of lien accounts. If such were its purpose a claim, otherwise valid and enforcible under the mechanic's lien law, would suffer defeat from errors of computation, inadvertence or mistake, or a mere preparation of the account, irrespective of the good faith of the lienor. Such an absurd consequence is not in

the purview of the statute, which is highly remedial and favored by the law.

"The true purpose of the statute is to exact a substantial compliance with its requirements, and this is had, whenever it appears that the account filed has not been knowingly, intentionally or fraudulently falsified. If it is honestly stated, errors arising from mere mistakes will not prevent the obtension of a lien for what is justly due. [Ittner v. Hughes, 13 Mo. 679; Uthoff v. Gerhard, 42 Mo. App. 256.]"

In short, we hold that the lien was filed in time; that the amended petition did not change the cause of action; and that the lien account, though very informally and loosely prepared, is sufficient, at least as against the owner. And in this connection it must be borne in mind that we are not concerned with the rights of third parties, in which case a stricter rule may be applied. [See DeWitt v. Smith, 63 Mo. l. c. 266; Ranson v. Sheehan, 78 Mo. l. c. 673; Rall Bros. v. McCrary, 45 Mo. App. l. c. 370.] Here the owner's husband and agent looked to the erection of the buildings, ordered material from plaintiff on the contractor's account, and looked after the delivery of material furnished by plaintiff. Undoubtedly the circumstances call for the application of the most liberal rule in passing upon the validity of the lien paper filed.

However, we think that the evidence contained in the record cannot be said to fully establish the lien account, or to be such as to enable us to direct a judgment for plaintiff.

The judgment should therefore be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.