HENRY et al., v. PLITT et al., Appellants.

1.  **Lien for Materials**: NOTICE: VARIANCE.  A variance between the lien claimed for materials furnished, and the notice to the owner of the property as to the description of the latter, if immaterial and not misleading, will be disregarded.

2.  ———: ACCOUNT. The account of the materials furnished is not objectionable because figures and not words are used to indicate the thing as well as the amount furnished, such account, conforming with the usage prevailing with merchants in the lumber business, as in many other departments of trade, to dispense with words when the figures indicate the meaning supplied by words.

3.  ———: FENCES AND WALKS. Our statute gives a lien for fences and walks on the premises, when they have been constructed as appurtenant to the buildings, and at the same time.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Lathrop & Smith* for appellants.

(1) The notice was incompetent to sustain the lien

claimed in the petition. Phillips on Mechanic's Liens, secs. 341, 349 ; R. S., 1879, sec. 3190; *Lutz v. Ey.*, 3 Abb. p. 475; *Schulenburg v. Bascom*, 38 Mo. 188; *Gogin v. Walsh*, 124 Mass. 516. (2) The lien filed in the circuit clerk's office was improperly admitted in evidence, because it did not contain a just and true account of plaintiff's demand as required by the statute. An account means an itemized statement showing the kind, character and amount of the materials furnished. An unintelligible array of figures is not such an account. R. S., 1879, sec. 3176 ; Phillips on Mechanic's Lien, (2nd Ed.) sec. 357, p. 587 ; *Carson v. White*, 6 Gill. (Maryland) 17, 27 ; *Gray v. Dick,* 97 Pa. St. 142 ; *Wray v. Harris*, 77 N. C. 77 ; *Valentine v. Rawson*, 57 Iowa 179 ; *Ferguson v. Ashbell*, 53 Texas 245; *Lowis v. Cutter*, 6 Mo. App. 54; *Kling v. Railway Construction Company*, 7 Mo. App. 410 ; *Mc Williams v. Allan*, 45 Mo. 574; *Graves v. Pierce*, 53 Mo. 428. (3) The instructions asked by defendant Plitt should have been given. A lien should not be given for fences or walks. Phillips on Mech. Liens (2 ed.), pp. 277–8, sec. 164 ; *Collins v. Mott*, 45 Mo. 100 ; *McDermott v. Palmer*, 4 Selden (N. Y.) 383 ; *Bank v. Curtiss*, 18 Conn. 342 ; *Canisias v. Merrill*, 65 Ill. 67 ; *Beers v. Knapp*, 5 Ben. (U. S. Dist. Ct.) 104; *Lothian v. Wood*, 55 Cal 159 ; *Truesdell v. Gay*, 13 Gray 311 ; *Hubbard v. Brown*, 8 Allen 590 ; *Rathbun v. Hayford*, 5 Allen 406 ; *R. R. Co. v. Vanderpool*, 11 Wis. 119, 121. (4) Statutes providing for the enforcement of mechanic's liens, are in derogation of common law, and should be strictly construed, and full compliance with their terms required. *Mushlitt. v. Silverman*, 50 N. Y. 360 ; *Carney v. Tulley*, 74 Ill. 375 ; *Lindley v. Cross*, 31 Ind. 106.

*Quarles & Strong* for respondents.

(1) The notice of the lien was sufficient. *Miller v. Faulk*, 47 Mo. 262 ; *Putnam v. Ross*, 46 Mo. 337. *De-Witt v. Smith*, 63 Mo. 263. (2) The account filed with

the lien was made out in the form usual and customary with lumber merchants, and was sufficient. *Hilliker v. Francisco et al.*, 65 Mo. 593 ; *McWilliams v. Allan*, 45 Mo. 575. (3) The lien extended to the fences and walks. The statute gives a lien for buildings, erections and improvements. *Holznour v. Meer*, 59 Mo. 434.

MARTIN, C.—This is an action by the plaintiffs, as material men, against defendants, Southerland and Jackson, as contractors, and defendants, A. M. Plitt and Lewis Plitt, as owners of certain realty, to recover judgment against the contractors, and to enforce a mechanic's lien against the property. The petition states the facts which give a lien under the law. The facts were put in issue by the answer, and upon a trial by jury, the plaintiffs recovered judgment against the contractors in the full amount of their demand, $795.25, with interest, and a special judgment against the property described in the petition, as provided in the lien law, from which the defendants, A. M. Plitt and Lewis Plitt, as owners of the property, prosecute their appeal. It is unnecessary to notice anything which does not bear upon the points presented to us for decision.

I. The defendants objected to the notice of the intended lien which reads as follows :

"*To Mrs. A. M. Plitt :*

"Take notice that we hold a claim against your double two-story brick building, situated on the northeast corner of Twelfth and Central streets, in Kansas City, Missouri, to the amount of seven hundred and ninety-five dollars and twenty-five cents ($795.25), the same being due to us from J. S. Southerland & Co., contractors with you for the erection of said building, and being for lumber and building materials furnished to J. S. Southerland & Co., and used in said bulding.

"HENRY, BARKER & COATSWORTH,

"Per W. J. STRONG, Agent.

"Dated this 16th day of December, 1880."

The authority of Strong as agent was admitted. The objection urged against the insufficiency of the notice is that the materials purport upon the face of the notice to have been furnished for and in the erection of a double two-story brick building on the northeast corner of Twelfth and Central streets in Kansas City, whereas, according to the petition, the prepared lien and proof thereof, they were used in the "construction of a double two-story brick dwelling house, *and a one-story brick stable and fences and walks,*" situated at the same place. The objection was overruled by the trial court, and under the circumstances of the case, I do not think any material error can be imputed to the ruling. The discrepancy between the notice and the lien claimed, was not material, or misleading, so far as the evidence discloses. A preliminary notice is required only as between the owner and material men, with whom there is no privity of contract. The object of it is to put the owner upon his guard, and protect him against payments to contractors, while claims against them may be outstanding in favor of contractors and material men. If a notice does this in a given case, the fact will go a great way to sustain its sufficiency. It is evident that the notice required under section 3190, Revised Statutes, 1879, need not be as exact and full as the lien. For instance, it says that the person desiring the lien shall notify the owner that "he holds a claim against such building, or improvement." This is a sufficient indication that he holds it also against the land upon which they are situated, although nothing is said about it in the notice. The lien requires the items of credit to be given. In the notice only the resulting balance need be stated. This notice contains the amount of the demand and from whom the same is due. It is stated to be an account of the building, while in truth, it covers the materials for the stable and pavement which were appurtenant to the dwelling. As no additional amount is claimed on account of the stable, and fence, and pavement, the owner must have been sufficiently advised of the demand, to

save himself from any improvident payment on account of the contract, which covered them all. Failing to show any damage resulting from the supposed imperfection of the notice, the action of the court in admitting it will not be disturbed.

II. It is, also, objected that the account does not comply with the law in disclosing the character of the items composing it. This objection is not well taken. It is true that in most of the items only figures are used, and not words, to indicate the thing as well as the amount furnished. But the heading of the account shows that the figures relate to lumber. The account evidently conforms with the usage prevailing with merchants in the lumber business, as in many other departments of trade, to dispense with words when the figures indicate the meaning supplied by words. For instance, the following items; "May 8, 1880—3, 2, 12, 16, 96.... 17½....1.68," are known by business men to mean, when applied to a lumber account, that on the eighth day of May, 1880, there were furnished three pieces of lumber 2x12 inches in thickness and width, and sixteen feet long, aggregating ninety-six feet of lumber, which, at $17½ per thousand, result in $1.68 for the value thereof.

III. It is objected that the plaintiffs are not entitled to a lien for a fence or a pavement. The court ruled that the plaintiff was entitled, under our law, to a lien for a fence and a pavement, provided they were included in the same contract by which the dwelling and stable were erected. Under our statute, which gives a lien for "buildings," "erections," and "improvements" upon land, to the extent of an acre in the country and a lot in the city, it has been the practice to adjudge a lien for fences and walks on the premises when they have been constructed as appurtenant to the buildings, and at the same time. They have been so adjudged in other states under statutes more limited in the words employed than our own. I see no merit in the appeal. Accordingly the judgment is affirmed. All concur.