## ARCH MᶜDONALD v. F. M. CABINESS.

### No. 1713. Decided June 5, 1907.

**1.—Pleading and Proof—Joint Contract—Recovery Against One.**

Where plaintiff alleges a contract with two defendants he may recover against one only on proof of a contract with him. (P. 616.)

**2.—Express Contract—Recovery on Quantum Meruit.**

Plaintiff seeking a recovery of damages as measured by an express contract and praying, in the alternative, to recover the reasonable value of his services, proved the contract, and performance varying from its terms but accepted by defendant. Held that the latter was not prejudiced by a recovery for less than the contract price upon evidence that it was reasonable in amount. (Pp. 616, 617.)

**3.—Damages—Amount.**

The assessment of damages in the trial court and its approval by the Court of Civil Appeals, is conclusive upon the Supreme Court, if there be any evidence to support it. (P. 617.)

Cabiness sued Arch and R. McDonald and had judgment against the former, who appealed, and on affirmance obtained writ of error.

*Joe H. Eagle* and *O. T. Webb,* for plaintiff in error.—The contract alleged to have been made was with the defendants jointly, and not with the defendants separately, nor even that it was a joint and several contract. Edgar v. Galveston City Co., 46 Texas, 428; Whitlock v. Castro, 22 Texas, 113; Yale v. Ward, 30 Texas, 17; Massie v. State, 30 Texas Crim. App., 70; Texas & Pac. Ry. Co. v. Bayliss, 62 Texas, 572; Ware v. Shafer & Braden, 88 Texas, 44; Greenwood v. Pierce, 58 Texas, 133.

It was error to render judgment upon an implied contract, or quantum meruit, when the trial court found that there was an express contract pleaded and proven. Pryor v. Jolly, 91 Texas, 86; De Cordova v. Bahn, 74 Texas, 643; O'Brien v. Gilleland, 79 Texas, 602; Frey v. Klar, 69 S. W. Rep., 211; Orynski v. Menger, 15 Texas Civ. App., 450; Evans v. Gay, 74 S. W. Rep., 575; Armstrong v. Cleveland, 74 S. W. Rep., 789.

The evidence shows conclusively that $2,500, or five percent of the purchase price, is excessive, illegal, unreasonable and erroneous. Peach River L. Co. v. Ayers, 14 Texas Ct. Rep., 684.

*Andrews, Ball & Streetman,* for appellee.

GAINES, CHIEF JUSTICE.—The defendant in error sued plaintiff in error, Arch McDonald, and one R. McDonald, to recover the sum of $6,927, claimed to be due him by virtue of an alleged contract for procuring the sale of the timber upon a large body of land. There was also an alternative claim for the value of services rendered in the transaction in the event it should be held that he was not entitled to recover according to the terms of the contract. The case was tried before the court without a jury and resulted in a judgment in favor of R. McDonald, but against Arch McDonald for the sum of $2,500. This judgment was affirmed by the Court of Civil Appeals.

The application for the writ of error contains but three specifications of error and to them we are confined. To dispose of them requires no extended statement of the case. Such may be found in the opinion of the Court of Civil Appeals, which is reported in the 17 Texas Court Reporter on page 318.

The first assignment in this court is that "the Court of Civil Appeals in its legal conclusions erred in finding that the plaintiff, in his first amended original petition, had pleaded a contract made with each of the defendants, whereas the said pleading shows that the contract alleged to have been made was with the defendants jointly, and not with the defendants separately, nor even that it was a joint and several contract, there being no allegations that the alleged contract of plaintiff's employment was made severally with each of the defendants." We are not prepared to hold that the Court of Civil Appeals erred in its construction of the pleading as to the matter of which complaint is made; but think it unnecessary to decide the point. Under the rule in this state it is not indispensable to sue all the promisors on a joint promise. The plaintiff may sue one or more, or may dismiss as to one and proceed as to another—even in the Appellate Court. (Miller v. Sullivan, 89 Texas, 480, and cases there cited.) That decision has been followed and approved in the following cases. Bute v. Brainerd, 93 Texas, 139, and McFarlane v. Howell, 91 Texas, 221.

If the assignment be sufficiently specific to raise the point, and if it be insisted, that the judgment of the court shows that there was no joint contract and that therefore there was a variance between the pleading and the proof, the answer is that this does not follow. A plaintiff need not prove all his allegations; it is sufficient if he prove enough of them to make a case. When a plaintiff alleges that two parties to a contract made him a promise, although under the rule at common law as to joint and several contracts, that is a joint promise, yet the allegation necessarily means that each of them promised. Hence we see no good reason why, although he has alleged the promise of the two, he should not recover against one upon proof that he promised although he may fail to prove the promise of the other. We conclude that there was no error in sustaining, under the pleadings, a judgment against Arch McDonald, which at the same time denied a recovery against his codefendant.

The second assignment here presented is that "the Court of Civil Appeals erred in affirming the judgment of the lower court, which was rendered upon an implied contract, or quantum meruit, when in fact the trial court found that there was an express contract pleaded and proven, which contract provided that, if a sale was made upon a stated price and terms, then the agent was to receive as his commission, all the said timber sold for above a certain price, whereas the agent did not sell the timber according to his contract with the one defendant, and there was no evidence to show that the purchaser was ready, able and willing to purchase upon the terms of the brokers' contract of employment." There is no proposition under the assignment and we presume that it was intended that the assignment should be taken as a proposition in itself. The plaintiff alleged and proved as found by the trial court that he made a contract with Arch McDonald in which the latter agreed

that if he (plaintiff) would procure a purchaser of the timber on the land at the price of not less than $3.25 per acre, upon the terms of one-fourth in cash and the balance in one, two, three and four years, he would give him all that the timber should sell for over that price. It was also proved as found by the court that the plaintiff procured a purchaser at the price of $50,000 which was nearly $7,000 more than the amount would have come to at $3.25 per acre. Now if McDonald had sold the timber upon the terms agreed upon with the plaintiff, it is clear that the latter would have been entitled to the excess over the lowest price stipulated in the agreement. McDonald having changed the terms and the plaintiff having been, as was found by the court, the procuring cause of the sale, he was clearly entitled to something. If not to the amount the timber sold for over the price allowed by Mc-Donald in his contract, then to the reasonable value of his services. The Supreme Court of the United States, with reference to a contractor, use this language: "Where he has in good faith fulfilled, but not in the manner or not within the time prescribed by the contract, and the other party has sanctioned or accepted the work, he may recover upon the common counts in indebitatus assumpsit." (Dermott v. Jones, 2 Wall., 1.) Since in this State we have no forms of action what is said about "indebitatus assumpsit" is not pertinent, but that is unimportant. Here the plaintiff below pleaded the facts which entitled him to a recovery and in the alternative prayed for a recovery of the value of his services. If the amount recovered as a quantum meruit had been more than that stipulated in the contract then the defendant may have had a just cause of complaint. But the sum recovered being, so far as appears to us, greatly less than the stipulation, we fail to see that the defendant has been injured. We find no error pointed out by this assignment.

The third assignment is to the effect, that the recovery is excessive and unsupported by the evidence. But there is evidence in the record, which was admitted without objection, that five percent on the amount of such sales, is a reasonable commission for procuring a sale in a case like this. With the weight of the evidence we have nothing to do. The finding of the trial court and the approval of that finding by the Court of Civil Appeals are conclusive upon us if there be any evidence to support it.

None of the assignments of error in this court being as we think well taken, the judgment of the District Court and that of the Court of Civil Appeals are affirmed.