WILSON-REHEIS-ROLFES LUMBER COMPANY, Respondent, v. JAMES D. CAPRON, Jr., et al., Appellants.

### St. Louis Court of Appeals, November 16, 1909.

1. **MECHANICS' LIENS: Sufficiency of Statement: Description of Materials: Trade Abbreviations.** The use of ordinary trade abbreviations in describing materials set out in a mechanic's lien account disclosing a demand for lumber and hardware satisfies the requirements of Sec. 4207, Revised Statutes, 1899, where the itemized account is read in connection with the statement preceding and the affidavit following it, in both of which it was made clear that whatever materials were furnished, according to the itemized account, were of a character for which a lien is given.

2. ——: ——: ——: ——: **Parol Evidence to Explain.** If necessary, evidence *aliunde* may be resorted to at the trial, to explain the meaning of the trade abbreviations used in a mechanic's lien itemized statement of account.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

· *H. E. Sprague* and *Franklin Miller* for appellants.

The lien account is insufficient to satisfy the requirements of the statute. R. S. 1899, sec. 4207; Brick Works v. Flanagan, 87 Mo. App. 340; Schulenberg v. Werner, 6 Mo. App. 292; Henry v. Plitt, 84 Mo. 237; Lumber Co. v. Lumber Co., 113 Mo. App. 306; Land Co. v. Jordan, 5 Wash. 729.

*Rudolph Schulenburg* for respondent.

The Supreme Court and this court have laid down a number of general rules and considerations to be observed in the determination of the question regarding the sufficiency of a mechanic's lien statement and account. Among others we refer to the following: a. A lien claim is not itself a pleading under our law. All that is required therein is a substantial compliance with the statute declaring what that claim shall contain. The law intended to extend its benefit to laborers and all sorts of mechanics and material men, who came within its protecting language. Of such it would be unreasonable to expect such an accurate and careful statement of account as might be required of an attorney in bringing action. The statute is remedial and should be construed with reasonable liberality. Planing Mill v. Allison, 138 Mo. App. 50; Grace v. Nesbit, 109 Mo. 9. b. The preliminary statement of a lienor attached to and introducing the account, the account itself and the affidavit which follows connected with each other constitute the mechanic's lien required by statute, and if they fairly give the information required by the lien law they are held to be sufficient. Planing Mill v. Allison, 138 Mo. App. 50; Lumber Co. v. Fred Hays, 75 Mo. App. 516; Holland v. Cunliff, 96 Mo. App. 67; Lumber Co. v. Stoddard, 113 Mo. App. 306. c. An account attached to a lien statement using figures instead of words, abbreviated words and initial letters indicating the meaning supplied by words and con-

forming with the usage prevailing with merchants and dealers in the respective department of trade is a sufficient account required under the mechanic's lien statute. Schulenburg v. Werner, 6 Mo. App. 292; Henry v. Plitt, 84 Mo. 237; Lumber Co. v. Stoddard, 113 Mo. App. 306. d. It is competent to explain at the trial below by oral testimony the meaning of the figures and abbreviations. The figures, abbreviated words and initial letters can be shown to have a well-known meaning and to be descriptive of the kinds and sizes of the materials charged for. Lumber Co. v. Stoddard, 113 Mo. App. 306.

GOODE, J.—This action was instituted to enforce a mechanic's lien against property in the city of St. Louis. Plaintiff, a lumber company in said city, sold and furnished material to defendant. Ware for the erection of dwelling houses on the premises in question, in which the other defendants are interested in one way or another. A single question is presented for decision: Whether the description in the lien statement of the material furnished satisfied the statute. The lien account, as filed in the office of the clerk of the circuit court, declared the lienor, Wilson-Reheis-Rolfes Lumber Company, with a view to avail itself of the statute relating to mechanic's liens, filed "the account below set forth for work and labor done, and lumber and millwork, hardware and materials furnished by it under one contract with, and at the special instance and request of, W. M. Ware, upon, to and for the buildings and improvements described as follows," describing them and the lots whereon they stood, and stating the interest of the other defendants in the premises. After those matters had been set out, it was declared all the interests of the several owners of the property were subject to plaintiff's demand for a lien in the sum of $1070.12. An itemized account then followed in the statement and this account, which will be more particularly de-

scribed, was followed by an affidavit that it was a just and true account for work and labor done and material furnished by plaintiff company for the building and improvements previously described, after all just credits had been given. The sufficiency of the lien account is challenged because abbreviations of an unintelligible character are said to have been used in designating part of the materials set out in the items of the account, instead of names of the materials. Though the lien statement containing the itemized account said the lien was filed for work and labor done, lumber, millwork, hardware and material furnished, it contains no item for work or labor, but all the items are for materials, consisting of lumber of various kinds and hardware. Every item of hardware mentions nails, dedescribing them as "com. nails." That description is plain enough and is not questioned. No other items are in the account except those of lumber of various dimensions, or articles manufactured out of lumber. The latter are designated as "water table," "turned cols." "wdw. frames," "hand & foot rail," etc. We do not understand any of those items as challenged. Several other items of lumber are fully named; for instance, "lath," shingles, described as "cedar shgls," "jambs." etc. The form of the items which are questioned will be sufficiently shown by this portion of the account, following a caption wherein plaintiff is described as "dealer in lumber, shingles, lath, pickets, etc."

| Feet | Pcs. | Size | Lgth. | Description | Price | Amount |
|------|------|------|-------|-------------|-------|--------|
| 4267 | 200 | 2x8 | 16 | No. 1. Y. P. Jun. 19, '07 | 24.00 | 103.41 |
| 1499 | | 1x6 | | Y. P. Dr. Sdg. Jul. 3, '07 | 31.00 | 46.47 |
| 500 | 100 | 1x6 | 10 | Com. Dr. Sdg. Jul. 8, '07 | 331.00 | 15.50 |

These descriptions are criticised on the ground that the owners of the premises, or other parties interested, could not ascertain from them the kinds of materials furnished; as it is nowhere described as lumber. It is argued a person would not know whether

"Y. P." meant yellow pine or yellow paint, or some other substance the name of which would have the initials Y. P. The statute says a lien account shall be "a just and true account." Revised Statutes 1899, sec. 4207. Later decisions regarding what will satisfy that requirement are more liberal than the early ones, as will appear upon reading the opinion in Mill Co. v. Allison, 138 Mo. 50, wherein the earlier decisions are reviewed and in some degree discredited, the court saying the account the law contemplated was such a statement of claim as fairly apprises the owner and the public of the nature and amount of the demand asserted as a lien, and discloses on its face a demand of a sort within the terms of the lien law. The itemized account in the present case is to be read in connection with the statement preceding it and the affidavit following, and in both of those parts of the lien paper it was made clear that whatever materials were furnished according to the itemized account, were of a character for which a lien was given, since both the preliminary statement and the affidavit said a lien was sought for work done, lumber, millwork, hardware and materials furnished in and for the building. But it is insisted no one can tell from the items that lumber was furnished. We take issue with counsel for defendants on this proposition, and think any one of ordinary business experience, and much more one with slight experience in buying lumber, would know the trade abbreviations. Nearly every one would know the letters "Y. P." read in connection with the number of feet in the same line (4267) and the number of pieces (200) and the dimensions (2x8x16) meant some sort of lumber; and the same may be said in regard to such items as "Y. P. Dr. Sdg." when read in connection with the descriptive numbers and the previous statement that a lien was sought for lumber and hardware. A lien account identical in form with the one under review was sustained in Schulenberg v. Werner, 6 Mo. App. 292. The itemized account is not

fully set out in the opinion in that case, but we have examined it in the record on file, and there is no difference. Here, as there, some of the abbreviations so clearly mean lumber that the sense is obvious; for instance "cedar shgls" and "lath." If necessary, evidence *aliunde* may be resorted to on a trial to explain the meaning of such trade abbreviations. They have been held in other jurisdictions sufficient descriptions of materials in a lien paper. [Wetmore v. Marsh, 81 Ia. 677; Great So. Hotel Co. v. Jones, 116 Fed. 793.] In the first of these cases the itemized statement was far less clear and definite than is the one at bar, and, in the second case, where the lien was for brick, the descriptions in the items were in this form: "749 Jack Arch;" "385 Plain Arch;" "9100 Standard 2nds." It was said a statement of account was not insufficient because trade terms and bookkeeper's abbreviations were used, and that no one reading the items in connection with the affidavit which accompanied them, could fail to see they called for different kinds of brick.

The judgment is affirmed. All concur.