THE STATE ex rel. FRANK C. O'MALLEY, Administrator of Estate of MARGARET O'MALLEY, v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

**In Banc, February 9, 1916.**

1. **MECHANIC'S LIEN: Sufficient Description.** A description of materials furnished by a dealer in lumber when made in abbreviations and trade terms known and understood to be in use in the trade, is a compliance with the statutory requirement that "such a statement of the claim as fairly apprises the owner and the public of the nature and amount of the demand asserted as a lien" shall be filed; and a decision of the Court of Appeals so holding is in harmony with Henry v. Plitt, 84 Mo. l. c. 241.

2. ———: ———: *Evidence of Items: Consolidation.* The mere fact that the lien account consolidates in one undated item several charges which show that each was for lumber of the same grade, quality, character and price, and which in the aggregate include the identical quantity of material and the identical amount charged in the consolidated bill, the whole being otherwise lienable matter, is not an objection the owner can urge against the lien claimant, even to the extent of avoiding the consolidated item, there being no proof of bad faith or of resulting injury to any one.

3. ———: ———: ———: ———: As Affecting Whole Account. In no event can the consolidation of a few items of the lien account, the aggregate amounts and charges being equal to the amounts and charges of the consolidated items, invalidate the whole lien account, whatever may be its effect upon the items so consolidated.

4. ———: ———: ———: Excess in Summation. The fact that the aggregate of the items in the bill of particulars exceeded those of the large lien account by the insignificant sum of $2.46 is of no consequence.

5. ———: ———: ———: Dates. The absence of dates in connection with particular items in a lien account is not important, when it appears from the account that the materials were furnished between given dates which fall within the beginning and close of the account.

*Certiorari.*

WRIT QUASHED.

*Frank C. O'Malley* for relator.

*Robert W. Hall* for respondents.

BLAIR, J.—Relator was the defendant in the circuit court of the city of St. Louis in a mechanic's lien suit in which judgment went for him. The plaintiff in that court, The Banner Lumber Company, appealed to the St. Louis Court of Appeals, which reversed the judgment and remanded the cause for new trial; whereupon relator sued out this writ of *certiorari*, bringing here the record of the Court of Appeals.

In his brief, relator confines the questions he raises to those he asserts arise out of the facts stated in the opinion of the Court of Appeals. Not being asked to go beyond the opinion of that court for the facts, the question whether we can do so is not involved. Relator contends that the Court of Appeals failed to follow designated controlling decisions of this court upon the question as to (1) the sufficiency of the description in the lien paper, or account of plaintiff's demand, of the materials furnished; and (2) the sufficiency of the evidence offered in support of the lien account. The facts pertinent to each of these contentions, as here presented, will be stated in connection with the discussion of the questions of law raised for decision.

I. The Court of Appeals, in its opinion, describes the lien statement or "account of the demand," in so far as it concerns the issue here, as follows: "It" (the lien statement) "sets out that the plaintiff, with a view to avail itself of the benefits of the mechanic's lien statute, 'files the account below set forth for the work and labor done and materials furnished by it under contract with J.

Mechanic's Lien: Abbreviated Description of Lumber.

J. Robson, contractor,' etc. Then follows the description of the property, with the statement that the account filed is 'as per itemized bill attached hereto and marked "Exhibit A."' Then follows 'Exhibit A' which sets out the account of plaintiff with Robson, the contractor. It is dated April 1, 1908, and is on office stationery of the Banner Lumber Company. The various columns are headed 'date,' 'pieces,' 'sizes,' 'length,' 'feet,' 'prices,' 'amount,' 'total.' The account contains a long list of debit items expressed chiefly by abbreviations and trade terms. Among a number of credit items appear cash credits on account of 'lumber,' 'millwork,' and 'lath,' respectively."

Except as hereafter noted, these are all the facts appearing from the opinion of the Court of Appeals bearing upon the character of the lien statement or account so far as concerns the description of the materials furnished. Upon these facts, after discussing and quoting from numerous decisions, the Court of Appeals held: "It would appear that the lien account here in question sufficiently reveals the material for which the lien is sought to apprise the owner and the public of the nature thereof and to disclose that the demand is one within the lien law."

Relator insists this conclusion is in conflict with certain decisions, including the following decisions of this court: Mitchell Planing Mill Co. v. Allison, 138 Mo. 50; Grace v. Nesbitt, 109 Mo. 9; Rude v. Mitchell, 97 Mo. l. c. 373.

The principle announced in those cases which relator contends is contravened by the decision of the Court of Appeals in the record before us is that "the account which this law contemplates is such a statement of the claim as fairly apprises the owner and the public of the nature and amount of the demand asserted as a lien. The account may consist of one or more items. It may be all on one side or mutual in its

showing. To be valid, it must disclose on its face that the demand is a sort within the terms of the lien law. When it calls for a just and true account, it means a fairly itemized account showing what the materials are and the work that was done and the price charged so that it can be seen from the face of the account that the law gives a lien therefor.''

The specific complaint relator makes is that the ''lien paper does not show on its face what it is for.'' This objection in the circumstances of this case amounts to a complaint that the Court of Appeals' description of the lien account shows that the account did not describe the materials furnished in the manner required by the statute as construed in the cases cited.

The real objection relator makes to the lien account is that the account does not sufficiently set out the character of the materials furnished; and the sole question this objection presents, when the Court of Appeals' statement of facts in this connection is analyzed, is whether a description of materials furnished when made in abbreviations and trade terms is a compliance with the statutory requirement that a ''just and true account of the demand'' shall be filed. [Sec. 8217, R. S. 1909.]

In Henry v. Plitt, 84 Mo. l. c. 241, and Lumber Co. v. Edward B. Stoddard Co., 113 Mo. App. l. c. 314, 315, it was held that the use of abbreviations and trade terms in the description of the items of the account was permissible. In Henry v. Plitt, an item reading ''May 8, 1880—3, 2, 12, 16, 96. . . . 17½ . . . $1.68,'' under a heading indicating that the figures related to lumber, was held sufficient, the court saying the figures were ''known by business men to mean, when applied to a lumber account, that on the eighth day of May, 1880, there were furnished three pieces of lumber 2x12 inches in thickness and width and sixteen feet long, aggregating ninety-six feet of lumber, which

at $17½ per thousand, result in $1.68 for the value thereof.''

We have the record in that case before us. The heading of the account which is there said (84 Mo. l. c. 241) to show ''that the figures relate to lumber'' reads as follows:

''Henry, Barker & Coatsworth.

''Wholesale and Retail Dealers in Lumber, Lath, Shingles, Doors, Sash, Blinds, Moulding, Lime, Plaster, Hair, Cement, Building Paper and Paints.

''Sold to J. S. Southerland & Co., contractors with Mr. A. M. Plitt, Kansas City, Mo.''

Then follows the account of several pages, a large per cent of the items in which are similar to that set out in the opinion. In that case, as in this, the account was upon a bill head or stationery which first stated the name of the lien claimant and then disclosed the character of its business. In that case there was an express statement that the claimant was in the lumber business. In this, there appears an equivalent disclosure, in that the heading shows that the claimant is a lumber company; that it is a corporation is apparent from its bringing the suit as it did; being a business corporation its name, necessarily, designates its business. [Sec. 3339, R. S. 1909.]

From the facts stated by the Court of Appeals it is clear the lien account in this case is well within the rule announced in Henry v. Plitt, supra.

Further, it is stated in the opinion of the Court of Appeals that the purpose of the suit was to enforce a lien for labor and materials ''for the erection of certain buildings.'' In view of the fact that no point was made upon it, we are at liberty to assume that the lien account contained a statement of that character, describing the buildings.

From what has been said, it appears, therefore, that The Banner Lumber Company, a corporation en-

gaged in the lumber business, filed this lien account for the purpose of fixing a lien upon certain described property for materials used in the construction of designated buildings, and that the items of the lien account are for materials which are described in abbreviations and trade terms known and understood by business men as in use in the trade in which plaintiff's name disclosed it was engaged. The Court of Appeals so held, in effect. That this sort of description of the materials is, in such circumstances, sufficient under the statute (Sec. 8217, R. S. 1909) we have no doubt, and so held in the Plitt case. The lien account contemplated by the law "is such a statement of the claim as fairly apprises the owner and the public of the nature and amount of the demand asserted as a lien." [Mitchell Planing Co. v. Allison, 138 Mo. l. c. 56.] These liens "should not be defeated on mere technical grounds." [Rude v. Mitchell, 97 Mo. l. c. 374.] The statute is remedial "and should be construed with reasonable liberality." What is requisite is a "substantial compliance with all the requirements of the statute, according to its reasonable intent." [Grace v. Nesbitt, 109 Mo. l. c. 17.] These decisions are those which relator insists are opposed to the decision of the Court of Appeals upon the question before us. We discover nothing in them contrary to the conclusion reached by the court in Henry v. Plitt, supra, and think that case exactly in point, correct in principle and decisive of the question. There is ample authority outside this jurisdiction supporting the same proposition. Other decisions of the courts of appeals approach the same ruling closely. The case of Dwyer Brick Works v. Flanagan Bros., 87 Mo. App. 340, need not be critically examined since it is apparent it is distinguishable from this case.

II. Relator's second contention is, in substance, that there is no substantial evidence tending to sup-

port the lien account.  This insistence is grounded
upon the following facts.  In the circuit court, plain-
tiff attached to the petition an account marked "Ex-
hibit A," and referred to in the petition as "a bill of
particulars."  The Court of Appeals finds this exhibit
differed in some respects from the lien account.  In the
first place, it contained items of the value of $2.46 in
addition to those appearing in the lien account.  Also,
it contained more items than the lien account; this re-
sulting from the subdivision in the exhibit of some of
the items of the lien account.  Illustrating this, the
Court of Appeals says the ninth item in the lien ac-
count was undated and for 7790 feet of star yellow pine
flooring.  In the exhibit this item was "subdivided
into six items, which are scattered through the latter
account," and the resulting items are given dates.
There were several instances of this sort, though it
is fairly inferable that relatively a small number of
items were affected.  The evidence taken before the
first referee was directed to the proof of the various
items as set out in the exhibit attached to the petition.
The referee's report being set aside, the petition was
amended so as to conform it exactly to the lien ac-
count.  The cause was then referred to a second
referee and submitted to him upon the evidence taken
before the first referee.  Relator contends there was,
consequently, a total failure of proof, since, he says,
plaintiff "by proving one account necessarily dis-
proved the truth and justice of his own lien paper."
The Court of Appeals decided against him on this
question, and he urges this holding conflicts with the
decision in Coe v. Ritter, 86 Mo. l. c. 287.  In that case
plaintiff brought ejectment, claiming under a deed of
trust recorded August 9, 1873.  Defendant's title de-
pended upon a sale under a judgment in a mechanic's
lien suit in which the claimant had judgment on Sep-
tember 21, 1874, upon a lien account, the first item in

which was charged as of September 2, 1873, over three weeks after the trust deed was recorded. Neither the trustee nor the beneficiary in the trust deed was a party to the proceeding. On the trial, defendant offered to show, contrary to the dates of the lien account, that the materials, upon the furnishing of which the lien depended, were actually furnished, in part, prior to the recording of the trust deed under which plaintiff claimed. Upon those facts, this court held, in substance, that the tenure of those interested in land ought not to be made to depend upon extrinsic evidence coming from the mere memory of (perhaps) interested witnesses, as against a permanent record designed to set out the facts. And the court concluded that, ''a lienor must stand or fall by the lien which he files, and the dates and items which he specifies, and is not at liberty to defeat or postpone a prior lienor or incumbrancer by matter *in pais*.'' Relator here relies upon this last quoted sentence.

What the court said in that case is to be understood and applied in the light of the facts before it. That case is wholly unlike this, and that holding has no sort of bearing upon the question relator raises in this. There is no question here as to priorities between liens and incumbrances. This is simply a suit by the lien claimant. Relator endeavors to lift out of the opinion in Coe v. Ritter a statement applicable to the facts of that case and apply it broadly to a case in which the facts are wholly different. His contention, in the last analysis, is based upon the assumption that the exhibit attached to the original petition materially differs in its substance from the lien account. The fact that the aggregate of the items in the bill of particulars exceeded those of the lien account by the insignificant sum of $2.46 is of no consequence. Relator is in no position to complain that the lien account did not contain all the items for which a lien might

have been maintained.   There is no suggestion of bad
faith, and bad faith could not easily be predicated
upon an .omission to include in the lien account items
for which a lien might have been had but was not
asked.

So far as concerns the items in the exhibit which
seem to be consolidated in the lien account, it appears
from the statement of the Court of Appeals that the
aggregate amounts and charges are equal to the
amounts and charges of the consolidated items in the
lien account.   In no· event could the consolidation of a
few items in this manner invalidate the whole lien ac-
count, whatever its effect upon the items so consolid-
ated.   [Walden v. Robertson, 120 Mo. l. c. 44, 45;
Allen & Co. v. Mining & Smelting Co., 73 Mo. l. c. 693.]
Further, the absence of dates in connection with par-
ticular items in a lien account is not important when,
as here, it appears from the account that the mate-
rials were furnished between given dates which fall
within the beginning and close of the account.   [Ittner
v. Hughes, 133 Mo. l. c. 691.]   We are also of the opin-
ion that the mere fact that the lien account, in the
manner shown here, consolidates in one undated item
several charges which show .that each was for lumber
of the same grade, quality, character and price and
which, in the aggregate, include the identical quantity
of material and the identical amount charged in the
consolidated item, the whole being otherwise lienable
matter, is not an objection the owner can urge as
against the lien claimant even to the extent of avoid-
ing the consolidated item, there being no proof of
fraud or bad faith or suggestion of resulting injury
to any one.

"These betterment statutes are remedial. in their
character; and, when reasonable and not oppressive,
are to be liberally construed.  .  .  .   A fair and sub-
stantial compliance with the statute is all that is re-

quired.'' [Walden v. Robertson, 120 Mo. l. c. 43; Mc-Dermott v. Claas, 104 Mo. l. c. 23.]

Because of the errors it pointed out, the Court of Appeals properly reversed the judgment, and because the evidence fell short of proving a few of the items of the lien account, as the Court of Appeals held, it was necessary to remand the cause. Relator's argument that the remandment without a direction of judgment for respondent conclusively shows that the Court of Appeals found the evidence insufficient to support any judgment for plaintiff in the lien suit does not impress us. Our writ is quashed. All concur, *Bond, J.,* in result only.