**PRIDDY et al. v. CHILDERS.   (No. 1759.)**

(Court of Civil Appeals of Texas. Amarillo. March 30, 1921. On Second Motion for Rehearing June 1, 1921.)

## On Motion for Rehearing.

**1. Appeal and error ⨳263(3)—Refusal of requested charge not fundamental error reviewable in absence of exception.**

An assignment, "The court committed material error in failing and refusing to give to the jury defendant's special requested peremptory instruction to find for the defendants, "did not present fundamental error, so that it could be considered in the absence of an exception, and on failure to present by bill of exceptions, where it would require the court in its consideration to look to the evidence and statement of facts.

**2. Appeal and error ⨳730(1) — Requested charge held not in fact a charge requiring consideration under general assignment of error.**

A requested charge, "You are instructed that the evidence introduced in this case is insufficient to sustain a verdict for the plaintiff, and you will therefore find for the defendants and so say by your verdict," is not in fact a charge, and, not presenting fundamental error, an assignment that the court erred in refusing to give "defendant's special requested peremptory instruction to find for the defendants" was too general to entitle it to consideration.

**3. Appeal and error ⨳742(5)—Proposition held not to cure defect in too general assignment.**

A proposition following a too general assignment that the court erred in refusing defendant's requested peremptory instruction that, "If the evidence introduced on the trial is insufficient under any theory of the case to sustain a verdict for the plaintiff, the court should on request of the defendants give peremptory instructions to the jury to find for the defendants, and a refusal to give such requested instruction is such error as will require a reversal of the case on appeal," did not specify wherein the evidence was insufficient and did not cure the defect in the assignment.

**4. Judgment ⨳238 — Recovery authorized against one under allegation that two parties to contract made promise.**

When plaintiff alleges that two parties to a contract made him a promise, although under the rule at common law as to joint and several contracts that is a joint promise, yet the allegation necessarily means that each of them promised, and, although he has alleged the promise of the two, he can recover against one upon proof that he promised, although he fails to prove the promise of the other.

**5. Appeal and error ⨳731(1), 742(6) — Assignment of error to verdict should be followed by proposition, and held too general to be considered.**

An assignment of error that "the verdict of the jury is contrary to the evidence and the law

in the case" should be followed by appropriate proposition or statement and is too general to be considered.

**6. Appeal and error ⨳731(5), 742(6) — Assignment of error to sufficiency of evidence should be followed by proposition, and held too general to be considered.**

An assignment of error that "the evidence introduced on the trial of this case is wholly insufficient to sustain the verdict of the jury," should be followed by an appropriate proposition or statement and is too general to be considered.

**7. Trial ⨳352(1)—Special issues held not objectionable as invading province of jury.**

In action by broker to recover commissions for furnishing purchaser for oil and gas lease, court did not err in submitting special issues as to whether defendant had revised the price of the lease at the time the plaintiff brought the prospective purchaser to his office, and whether he did not revise the price after plaintiff brought the purchaser there, as against an objection that the said issue was a comment by the court upon the weight of the testimony and invaded the province of the jury in that it unduly emphasized a particular part of defendant's testimony.

## On Second Motion for Rehearing.

**8. Trial ⨳139(3) — Peremptory instruction properly denied where evidence sufficient as to one of two defendants.**

Where there were two defendants, and plaintiff's right to recover of them rested upon different grounds and was attempted to be sustained by proof of different facts, the court properly refused to give peremptory instruction in favor of defendants if he thought the evidence was sufficient to sustain the judgment as to one of them.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Suit by F. T. Childers against W. M. Priddy and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Martin & Oneal, of Wichita Falls, for appellants.

Harvey Harris, of Wichita Falls (Thelbert Martin, of Austin, on the brief), for appellee.

## On Motion for Rehearing.

HALL, J. Appellee Childers, a real estate broker, sued W. M. Priddy and Del S. Brasher, to recover commissions alleged to be due him under a contract made with appellants for the sale of a certain oil and gas lease of a tract of land in Wichita county. Appellee alleged in substance that on or about the 26th day of April, 1919, the defendants listed with him for sale an oil and gas lease on certain premises described in his partition, at $5,000 per acre, cash, agreeing to pay him a commission of 10 per cent.; that on or about that date he procured purchasers who

were ready, willing, and able to take the lease at the price and upon the terms given; and that the defendants failed and refused to comply with the contract by assigning the lease. Appellants answered by general demurrer and general denial. Appellee filed his first supplemental petition, alleging that he obtained a confirmation of the price per acre only a few moments before the purchasers were carried to the defendant's place of business; that said confirmation was given by the defendant Brasher at Priddy's place of business; and that Brasher was acting for himself and Priddy. The case was submitted to the jury upon special issues, and the jury found in effect that Brasher (1) had an interest in the lease; (2) that such interest was $3/100$ of the profits of sale; (3) that Brasher was authorized by Priddy to place the property with plaintiff for sale at $5,000 per acre; (4) that Priddy had not revised the price of the lease at the time the plaintiff brought the prospective purchasers to his office; and (5) that he did not revise the price until after plaintiff brought the purchasers there.

[1, 2] In the original opinion we considered the first assignment of error under the mistaken impression that it presented fundamental error. Upon reconsideration, we have concluded that it does not. The first assignment of error is:

"The court committed material error in failing and refusing to give to the jury defendant's special requested peremptory instruction to find for the defendants."

The instruction is as follows:

"You are instructed that the evidence introduced in this case is insufficient to sustain a verdict for the plaintiff, and you will therefore find for the defendants and so say by your verdict."

The notation made by the court on this request is:

"Presented to counsel for plaintiff and the court before the court read his main charge to the jury, and is by the court refused."

The court's action in refusing this request was not excepted to, nor is it presented here by any bill of exception. The assignment does not present fundamental error, because it requires this court, in its consideration, to look to the evidence and the statement of facts. The Supreme Court held in Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S. W. 533, that an assignment of error which requires the appellate court to look into the record and consider the evidence does not present fundamental error. In the case of Walker et al. v. Haley (Sup.) 214 S. W. 295, the court held that such an instruction "is not a 'charge' at all, * * * but only the means of giving effect to the sustaining of a demurrer to the evidence, and which, if er-

roneous at all, is so, not because of any defect in the direction, but because of the court's mistaken view as to the effect of the proof." See, also, Shumaker v. Byrd (Sup.) 216 S. W. 862. Since the requested charge is in fact not a charge, and does not present fundamental error, our conclusion is the assignment is too general to entitle it to consideration.

[3] The first proposition following the assignment in appellants' brief is:

"If the evidence introduced on the trial is insufficient under any theory of the case to sustain a verdict for the plaintiff, the court should, upon request of the defendants, give peremptory instructions to the jury to find for the defendants, and a refusal to give such requested instruction is such error as will require a reversal of the case on appeal."

This proposition does not specify wherein the evidence is insufficient and does cure the defect in the assignment.

[4] The second proposition under the first assignment is:

"An averment by plaintiff of joint employment of him as a broker by two defendants to procure a purchaser for an oil and gas lease is not sustained by proof of employment of him by only one defendant, which employment is not participated in by the other defendant, and such variance is fatal where an instructed verdict is requested by defendants."

If this proposition could be considered, the contention therein could not be sustained, because in the case of McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721, which is a suit in many respects similar to this, Judge Gaines said:

"A plaintiff need not prove all his allegations; it is sufficient if he prove enough of them to make a case. When a plaintiff alleges that two parties to a contract made him a promise, although under the rule at common law as to joint and several contracts, that is a joint promise, yet the allegation necessarily means that each of them promised. Hence we see no good reason why, although he has alleged the promise of the two, he could ont recover against one upon proof that he promised although he may fail to prove the promise of the other."

See, also, Negociacion Agricola y Ganadera de San Enrique, S. A., v. Love, 220 S. W. 224. (9).

The assignment is therefore overruled.

[5] The second assignment is:

"The verdict of the jury is contrary to the evidence and the law in this case."

[6] The third assignment is:

"The evidence introduced on the trial of this case is wholly insufficient to sustain the verdict of the jury."

Neither of these assignments is followed by an appropriate proposition or statement, and they are too general to be considered.

[7] The fourth assignment is:

"Because the court committed material error in charging the jury special issues Nos. 4 and 5, in the court's main charge, wherein the court emphasized the fact of the defendant Priddy having changed his price on the lease described in plaintiff's petition, and the said issue was a comment by the court upon the weight of the testimony and invaded the province of the jury, and for the further reason said issue unduly emphasized that particular part of the defendant's testimony and caused the jury to believe that the court was of the opinion that the defendant Priddy changed the price of said lease after Brooks, Morrison, and Knight came to his office and had notified him of their desire to purchase said lease."

We think these issues were properly submitted and are not subject to the objections set out in the assignment.

No reversible error being pointed out, the original opinion is withdrawn, and the judgment affirmed.

#### On Second Motion for Rehearing.

[8] We agree with appellants' counsel that there is considerable confusion with reference to the right to appeal and assign error upon the action of the trial court in giving or refusing a peremptory instruction when the request is based upon the sufficiency or insufficiency of the evidence; but since the request made by appellant in this case is not a "charge," as decided by the Supreme Court in Walker et al. v. Haley, 214 S. W. 295, the matter must be properly presented in this court before it is entitled to consideration. The request made by appellant is as follows:

"Gentlemen of the jury, you are instructed that the evidence introduced in this case is insufficient to sustain a verdict for the plaintiff, and you will therefore find for the defendants and so say by your verdict."

There were two defendants in the case, and plaintiff's right to recover of them rested upon different grounds and was attempted to be sustained by proof of different facts. If the court thought the evidence was sufficient to sustain the judgment as to one defendant and not as to the other, it would have been improper to grant the request.

The second motion for rehearing is overruled.