## COMPTON v. JENNINGS LUMBER CO.*
### (No. 1653.)

(Court of Civil Appeals of Texas. El Paso. Feb. 7, 1924. On the Merits, Oct. 16, 1924. On Rehearing, Nov. 6, 1924. Further Rehearing Denied Nov. 26, 1924.)

### On Motion for Certiorari.

1. Appeal and error ⬅️659(1)—Court of Civil Appeals not empowered to require correction and completion of statement of facts by writ of certiorari.

The Court of Civil Appeals cannot issue writ of certiorari directing official stenographer of trial court "to correct and complete" the statement of facts, but application must be made to trial court, and, if granted, writ may then issue from Court of Civil Appeals to bring up the corrected record.

### On the Merits.

2. Corporations ⬅️661(6)—Foreign corporation could recover balance due on open account representing items sold subsequent to issuance of permit.

Foreign corporation could recover amount due for lumber furnished on open account, notwithstanding failure to file certified copy of articles of incorporation, and obtain permit until after it had furnished tentative estimates of the cost and had made some deliveries where balance due represented items delivered subsequent to issuance of permit; the various deliveries constituting separate sales.

3. Mechanics' liens ⬅️271(7)—Materialman's petition showing sale to owner not demurrable for failure to allege owner's indebtedness to contractor.

In suit to foreclose materialman's lien, petition pleading sales of material to contractor and owner jointly at their request on open account held not demurrable for failure to allege that when statutory notices were given to owner under Rev. St. art. 5623, he was indebted to the contractor, or subsequently became so.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 28, 1925.

**4. Mechanics' liens ⊕⇒99(1)—Notice to owner impounded money due contractor at time of notice, or which subsequently became due, to extent of lien.**

Materialman's notice to owner, under Rev. St. art. 5623, impounded in his hands, to the extent of materialman's lien, all moneys due contractor at the time, or which subsequently became due, and subsequent payments to contractor were at owner's peril.

**5. Mechanics' liens ⊕⇒115(4) — Materialman who gave owner notice of amount due from contractor prior to payment to contractor, entitled to lien therefor.**

Materialman's notice to owner of amount due from contractor prior to payment of such amount by owner to contractor entitled materialman to lien for such amount, though written notices of the material furnished were not given to owner promptly as it was furnished.

### On Rehearing.

**6. Mechanics' liens ⊕⇒139(3)—Lumber company's lien affidavit and statement of account using abbreviations usually contained in lumber bills held sufficient.**

Lumber company's lien affidavit and account in the ordinary form, with the usual abbreviations contained in lumber bills, *held* sufficient to describe the character and amount of each item of material.

**7. Mechanics' liens ⊕⇒146—Affidavit and statement of account showing dates in numerical form held sufficient.**

Lumber company's lien affidavit and statement of account showing dates of the various items in numerical form, such as "3/10," *held* sufficient.

**8. Mechanics' liens ⊕⇒304(1) — Materialman seeking personal judgment on sale to contractor must allege indebtedness to contractor.**

In materialman's action to foreclose lien, pleadings *held* not to support personal judgment against owner on theory of sale to contractor and compliance with statutory provisions, where it was not alleged that at the time statutory notices were given owner was indebted to contractor or subsequently became so.

**9. Judgment ⊕⇒200—Judgment reversed for failure of findings to correspond with pleadings.**

In materialman's action to foreclose lien, in which the petition alleged delivery of material on open account to owner and contractor jointly and did not allege owner's indebtedness to contractor, findings that material was sold to contractor would not support a personal judgment.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by the Jennings Lumber Company against R. B. Compton and others. Judgment for plaintiff, and named defendant appeals and moves for a writ of certiorari directing trial court's official stenographer to correct and complete statement of facts. Motion denied, and judgment reversed and remanded on rehearing as to name defendant, otherwise affirmed.

Sayles & Sayles, of Eastland, for appellant.
R. W. Haynie, of Abilene, for appellee.

### On Motion for Certiorari.

HIGGINS, J. [1] Appellant asks the issuance of a writ of certiorari to the official stenographer of the trial court directing him "to correct and complete" the statement of facts herein by eliminating certain evidence alleged to be improperly incorporated therein and by adding thereto certain evidence alleged to be improperly omitted therefrom.

This court has no authority to thus require the alteration of the records of the lower court. Application must be made to that court, and, if granted, the writ may then issue from this court to bring up the corrected record. Boggess v. Harris, 90 Tex. 476, 39 S. W. 565; Eaton v. Klein (Tex. Civ. App.) 174 S. W. 331.

Motion overruled.

### On the Merits.

This is an appeal by R. B. Compton from a judgment against him in favor of the Jennings Lumber Company, plaintiff, for $2,152.-10 and foreclosure of a materialman's lien on certain premises in the city of Abilene. There were a number of other parties to the suit, but they need not be noticed, as this appeal involves only the issues arising between Compton and the lumber company. The plaintiff sought to recover a balance of $2,824.05 for material furnished and foreclosure of lien.

A condensed statement of the material facts found by the trial court is as follows: The open account in the sum of $2,824.05 sued upon is correct and due the plaintiff; that plaintiff, a foreign corporation, had a permit to do business in this state at the time the balance due upon the account was incurred. On July 1, 1922, plaintiff duly filed for record its materialman's lien with proper statement attached in the county clerk's office. Compton, on July 1, 1922, was the owner of the premises upon which the foreclosure of lien was sought.. As the material was sold to the J. L. Scott Construction Company by plaintiff, it gave to Compton, the owner of the premises at the time the material was furnished, notice in writing of each item of material furnished as required by article 5623, R. S., and a statement of the account was also furnished to the construction company. After receiving such notice, Compton, after May 11, 1922, paid to the construction company the sum of $4,700. The notice given by plaintiff to Compton as to the amount of $2,152.10 of the account sued upon was given before the said payment was made to the contractor and impounded in the hands of Compton sufficient funds to pay said sum of $2,152.10, due the plaintiff by the construction company. The construction company

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

abandoned the construction of Compton's building on July 1, 1922, and Compton was forced to complete the same at his own cost in an amount in excess of the original contract price. The contract price was $21,000, and Compton was compelled to expend the sum of $5,062.68 in excess of the contract price.

This last-mentioned sum is evidently erroneous as, according to Compton's evidence and his brief, he expended only $3,982.68 in excess of the contract price.

[2] Appellant's first proposition is that the plaintiff cannot maintain the suit because it is a foreign corporation, and at the time the contract was made upon which the suit is based, it had not filed a certified copy of its articles of incorporation with the secretary of state and obtained a permit to do business in this state.

The record shows that the lumber company is an Arizona corporation, and a copy of its articles of incorporation were not filed until April 10, 1922, and its permit was issued the next day.

The total amount of its lumber bill was about $6,000, and many of the items thereof were furnished prior to the date it filed its articles. Payments, however, were made which reduced the bill to the balance sued for, and this balance represented items sold and delivered subsequent to the issuance of the permit. The appellant's contention in the matter is based upon the theory that prior to the issuance of the permit the construction company was furnished by plaintiff with several estimates of the cost of the material to be used in the building, agreed to furnish same, and the construction company agreed to purchase such material from the plaintiff. Upon this state of facts appellant asserts that the suit and recovery is based upon a contract made prior to the date the permit was obtained.

In this view we do not concur. In the first place, these estimates were merely tentative and no definite contract of sale made. There was not even an executory contract of sale.

The suit is upon open account for material furnished extending over a considerable period of time, and in our opinion the various deliveries constituted separate sales, and as to those made subsequent to the issuance of the permit the appellant's contention is without merit. In this connection, see Hartford Fire Ins. Co. v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 239 S. W. 919.

[3] The sufficiency of the petition as against general demurrer is attacked because it fails to allege that at the time the statutory notices were given to Compton he was indebted to the contractor or subsequently became so.

If the petition sought to impose a personal liability upon Compton, and lien upon his property by virtue only of a compliance with the statutory provisions essential to the fixing of a lien, the objection would be well taken. Fullenwider v. Langmoor, 73 Tex. 480, 11 S. W. 500. However, the suit is upon open account for material alleged to have been sold jointly to Compton and the construction company at their request and for which they promised to pay. The allegations thus show a personal contractual obligation to pay by Compton independent of any compliance with the statutory provisions, for which reason the demurrer was properly overruled.

It is asserted by the third, fourth, and fifth propositions that no money was impounded in Compton's hands after May 11, 1922, by the notices given by plaintiff, because Compton at all times up to July 1, 1922, when the construction company abandoned the contract, had retained more than 20 per cent. of the contract price, as stipulated in the building contract, which 20 per cent. amounted to $4,200, and which exceeded the plaintiff's debt by $2,824.05, and all money paid to Compton having been applied to the payment of labor and material bills wherefore Compton had the right to use the retained sum of $4,200 in the completion of the building which he did and expended the additional sum of $3,982.68 above the contract price. The court found that after May 11th Compton paid to the construction company $4,700, of which amount $2,152.10 was paid after notice to Compton was given by the plaintiff.

[4] We are not sure that we grasp the exact contention of appellant embodied in these propositions, but we understand it to be in substance that because all money paid to the construction company had been applied to the payment of labor and material bills and the retained 20 per cent. having been used for the completion of the building after the abandonment by the contractor, the plaintiff could not recover, though payments had been made to the contractor after receipt of the notice, because this would result in requiring the owner to pay more than the contract price. In our opinion the payments made to the contractor after receipt of the notice were made by Compton at his peril. The notice impounded in his hands to the extent of the plaintiff's lien all money due the contractor at the time the notice was given ' or which subsequently became due. We can see no distinction between the present case and that of Bank v. Lyon Gray Lumber Co., 110 Tex. 162, 217 S. W. 133, where practically the same contention by the owner was rejected. For this reason the assignments raising this question are overruled.

An attack is made upon the sufficiency of affidavit and account upon the ground that it fails to state the several dates upon which the material was furnished, that each item is not described and does not describe the character and amount of each item of material. These objections are untenable.

[5] It is also objected that the written no-

tices of the material furnished were not given to the owner as it was furnished. Conceding that such notices were not given promptly, the fact remains that the notice as to $2,152.10 was given prior to the time the subsequent payments were made to the contractor, and this was sufficient, as to the time of notice and this sum, under the decisions in Johnson v. Amarillo Imp. Co., 88 Tex. 505, 31 S. W. 503, and Nichols v. Dixon, 99 Tex. 263, 89 S. W. 765.

Other propositions are based upon the assumption that the sale was made under a written contract of sale between the construction company and Compton. All assignments and propositions based upon this theory are overruled for the reason that the assumption is false, the sale being upon open account for the reasonable value of the material sold.

A number of assignments complain of rulings upon evidence none of which present any error.

Affirmed.

### On Rehearing.

[6, 7] Appellant earnestly insists that the account attached to the affidavit for the lien is insufficient because the same does not describe the character and amount of each of the items of material thereof, and because neither the affidavit nor the account shows the date upon which the several items were furnished.

The heading of the account is as follows:

"J. L. Scott Construction Co., R. B. Compton Job, In Account with Jennings Lumber Company."

The itemization of the first delivery is typical of the rest, and is as follows:

The affidavit states that the material was furnished "to be used * * * and was used in the erection of a building owned, as affiant is informed and believes, by R. B. Compton of Abilene, Taylor county, Tex., the said building being located upon the south 47½ feet of lot No. 3, block No. 10, in the city of Abilene, Taylor county, Tex." The affidavit and the account, in our opinion, is sufficient to accomplish the purpose indicated, and the failure to state the year is not fatal.

Appellant insists that our ruling in this matter conflicts with Meyers v. Wood, 95 Tex. 67, 65 S. W. 174. In that case it was said:

"The exact date of the delivery of each particular item need not be expressed (Stuart v. Broome, 59 Tex. 468), but an account without a date would leave the owner with no means of ascertaining with any certainty whether the transaction came within the limits of the contract he had with the builder. Hancock's account had no date whatever, and therefore was fatally defective as a means of fixing the lien of the materialman upon the property. The account of Wood had a date at the top of the first page, and if the items which were properly specified were such as might have been delivered on the same day, it cannot be said as a matter of law that they were not delivered upon the date given, and if that appear to be the state of the account, then, so far as the specified items can be referred to the date given, the account should be held admissible in evidence. The two matters in Wood's account stated thus.—'Bill of sash and doors per contract, $640.00. Feb. 3rd. To bill of mill work (contract), $175 00,' do not come within the terms of an itemized account or bill of particulars in the fact that it does not specify how many sash or doors were delivered, nor what was the work done by the mill, nor the

| | Lumber Feet. | | | | Total Feet. | Price. | |
|---|---|---|---|---|---|---|---|
| 3/10–6290 | 24 | 2/6–10 | | | 240 | 4.00 | 9.60 |
| | 2 | 4/6–10 | | | 40 | 5.00 | 2.00 |
| | 27 | 2/4–16 | | | 288 | 4 00 | 11.50 |
| | 43 | 1/8–14 | No. 2, Slap 401 xxxx | | | | |
| | 14— | 12— | | 112 " | 513xxxxxxx | 3.50 | 17.95 |
| | Dray | | | | | | 1.50 |

This itemization is evidently in the ordinary form with usual abbreviations contained in lumber bills, and we regard it as sufficient. Wilson-Reheis-Rolfes Lumber Co. v. Capron, 145 Mo. App. 497, 122 S. W. 1085; State ex rel. O'Malley v. Reynolds, 266 Mo. 595, 182 S. W. 743; Henry v. Plitt, 84 Mo. 241; Lumber Co. v. Stoddard Co., 113 Mo. App. 306, 88 S. W. 774.

With reference to the date, neither the account nor the affidavit states the year in which the material was furnished. But the day and month is sufficiently shown by the numerals "3/10." This is a well-known and understood abbreviated form for the month and day. The purpose of requiring the date to be given is to identify the transaction, and all that is required is sufficient certainty to accomplish that purpose. 27 Cyc. 182.

value of any one of the items. This statement is wholly insufficient to fix a materialman's lien as specified in the statute."

It will be noted the Hancock account had no date whatever and for this reason was held fatally defective. The Wood account as to one item gave the month and day as in the case at bar. This also was held defective, not because of the want of a date, but because "it does not specify how many sash or doors were delivered, nor what was the work done by the mill, nor the value of any one of the items." In our opinion the ruling by Judge Brown in that case inferentially supports our ruling because one of the objections to the Wood's account was that it did not appear "when the material was furnished." We regard it as significant that

this objection was not sustained as to the item of "Feb. 3d" in the account.

In his motion for rehearing appellant for the first time urges and presents as fundamental error the proposition that there is a fatal variance between the allegata and probata, in that the petition declares upon an account against Compton and the J. L. Scott Construction Company and the evidence shows an account against the J. L. Scott Construction Company only. Stewart v. Gordon, 65 Tex. 344, is cited and supports the proposition that proof of a contract made by the plaintiff with only one of the persons with whom he has alleged he jointly contracted will not support a judgment solely against the person whom the proof shows alone made the contract. But this ruling has not been followed by later decisions. McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721; Negociacion, etc., v. Love (Tex. Civ. App.) 220 S. W. 224; Priddy v. Childers (Tex. Civ. App.) 231 S. W. 172; Id. (Tex. Civ. App.) 248 S. W. 144.

Furthermore, the proposition is inapplicable because the testimony of S. R. Jennings, the general manager of appellee, shows that the sale was made to Compton and the construction company jointly; hence, so far as plaintiff's evidence is concerned, there is no variance.

We deem it unnecessary to further discuss the matters presented by appellant in his brief and motion. However, there is a phase of the case which is not raised by appellant, but which in our opinion presents an error in law apparent upon the face of the record and requires reversal. It is somewhat akin to appellant's proposition last above discussed. The matter occurred to us upon the original consideration, but no point upon the same was made, and it did not receive the full consideration by us which should have been given.

[8] It is apparent from the findings and conclusions of the trial court the personal judgment against Compton and the foreclosure of the materialman's lien is predicated upon the theory that the sale of the materials was to the construction company, and that appellee, by complying with the statutory provisions applicable in such cases, had fixed a lien against the owner's property and impounded in his hands the sum of $2,152.10. The pleadings will not support the judgment upon that theory because of the failure to allege that at the time the statutory notices were given to Compton he was indebted to the contractor or subsequently became so. Fullenwider v. Langmoor, 73 Tex. 480, 11 S. W. 500, cited in the main opinion.

[9] While the petition is sufficient to support the judgment because it alleged a sale of the materials to Compton and the contractor jointly, yet the findings do not correspond with this allegation, but are contrary thereto, for it was found that the sale was to the contractor.

Thus the findings do not authorize a judgment against Compton on the only cause of action set up against him in the petition.

For this reason the motion for rehearing is granted, and the case reversed and remanded as to appellant, Compton. As to the other parties to the suit the judgment is not disturbed.