**ELDRIDGE v. USRY & ZOLLNER.
(No. 9370.)**

(Court of Civil Appeals of Texas. Dallas. May 16, 1925.)

I. Brokers ☞57(2)—Broker entitled to commission on producing purchaser to whom sale made directly by owner.

A broker is entitled to a commission, if, while contract is in force, he produces a purchaser to whom sale is directly made by owner upon terms satisfactory, though different, from those limited to broker and yielding a less amount.

2. Brokers ☞66—Plaintiffs, producing purchaser pursuant to agreement with defendant broker, and to whom sale was made, held entitled to share of commission.

Where plaintiffs, pursuant to agreement with defendant who was exclusive agent for sale of certain land, produced a purchaser with whom defendant negotiated, while agreement was in force, and thereby sale of land at price

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

satisfactory to owner was made, *held* that plaintiffs were entitled to recover agreed share of commission.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by Usry & Zollner against J. R. Eldridge. Judgment for plaintiffs, and defendant appeals. Affirmed.

Muse & Muse, of Dallas, for appellant.

Church, Read & Bane, of Dallas, for appellees.

LOONEY, J. Usry & Zollner sued, and recovered judgment against, J R. Eldridge, for a division of commissions resulting from a sale of real estate; Eldridge appeals.

Appellees, plaintiffs below, alleged, in substance, that they and the appellant were land agents and brokers; that appellant was the exclusive agent for the sale of a lot located on Harwood street in the city of Dallas, belonging to the estate of Capt. John M. McCoy, then being administered by Wendel Spence, Esq. Independent executor, and that appellant contracted with appellees to assist in finding a purchaser for the land. The land was listed for sale at $90,000, and appellant agreed to pay appellees one-half of 5 per cent. commission on the sale price of the lot; or, one-half of the commission received by him.

Appellees alleged that, pursuant to this contract of employment, they interested D. S. Firman, showed him the lot, introduced him to appellant and submitted to appellant and Mr. Spence on behalf of Firman a proposition for the acquisition of the land, which was declined; and that appellees thereafter suggested other offers on behalf of Firman, and informed appellant that they were working on the deal and expected to make a sale to him; that while they were still negotiating, appellant, on or about June 19, 1922, consummated a sale direct with Firman for the consideration of $82,500, and accordingly for that price the land was sold and conveyed to him by Mr. Spence, executor.

Appellees further alleged that they were the procuring cause of the sale of the land, without whose efforts the sale would not have been consummated, and prayed for judgment for the sum of $2,062.50, being one-half of a 5 per cent. commission on the amount received for the land, or, for one-half of the commission that was received by appellant. On the verdict of the jury, judgment was rendered in favor of appellees against appellant for the sum of $1,237.50, with 6 per cent. interest from the date of its rendition.

Appellant urges two propositions for reversal. The first is presented as germane to assignments of error numbers 1 to 6, inclusive. These assignments challenge the correctness of the rulings of the court below in overruling the general and special excep-

273 S.W.—40

tions urged by appellant to the petition of appellees. In our opinion, the court below was not in error in these rulings; therefore the proposition, and assignments upon which it is based, are overruled. The second proposition, urged by appellant, is based on assignments of error numbers 7 to 10, inclusive, and, in so far as it is germane to either of the assignments, is a challenge of the sufficiency of the evidence to sustain the verdict of the jury and the judgment of the court. This proposition leads to an examination of the facts.

The undisputed facts are, that appellant and appellees were land agents and brokers engaged in that line of business in the city of Dallas; that the estate of Capt. John M. McCoy, then being administered by Wendel Spence, Esq., independent executor, owned a lot of land located in block 248 of the city of Dallas; that J. R. Eldridge, appellant, was appointed by Mr. Spence exclusive agent for the sale of the lot, and as a means to that end, appellant contracted with appellees, to assist him in finding a purchaser for the land, limiting the price at which the lot should be sold to $90,000, which was $600 per front foot, and agreeing to divide with them equally a commission of 5 per cent. on the amount of the sale. Pursuant to this arrangement, appellees interested S. D. Firman, showed the lot to him, procured a proposition from him for the acquisition of the lot, which was by appellees submitted to appellant and to Mr. Spence, executor, but was declined by Mr. Spence. Afterwards, appellant, acting in conjunction with E. R. Marsh, another real estate broker of Dallas, negotiated with the said D. S. Firman, the result of which was a sale of the land to him by the executor for the sum of $82,500, for which service the executor paid appellant a commission of 3 per cent. of the amount, to wit, the sum of $2,475.

The facts in dispute were determined by the jury in response to special issues in favor of appellees, and are as follows, to wit: That after the rejection by Mr. Spence, executor, of the proposition submitted by appellees on behalf of Firman, they continued their efforts to interest Firman in the purchase of the property, and that they were the procuring cause of the sale. These findings, in our opinion, were authorized by the evidence, and, in connection with the undisputed facts, sustain the judgment rendered.

[1] The law of this state is well settled, that in order for a broker to earn a commission under a contract which stipulates the payment of a commission in the event of sale upon stated terms, there must be produced, through his efforts, a purchaser ready, able, and willing to buy upon the terms stipulated, but, under such an arrangement, the broker earns and is entitled to the payment of a commission if, while the contract of agency is in force, he produces a

purchaser to whom the sale is directly made by the owner upon terms satisfactory, although different from those limited to the broker and yielding a less amount.

The Supreme Court of this state in Goodwin v. Gunter, 109 Tex. 56, 60, 185 S. W. 295 (296, Col. 2, §§ 1, 2) announced this rule in the following language:

"This is but a rule of fairness and right. In such a case the owner receives the full benefit of the broker's effort. Through the diligence of the broker a buyer is produced. Having interested a prospective buyer the broker is entitled to a fair opportunity of making a sale to him upon the terms authorized. That the owner, pending the broker's negotiation, may, in disregard or repudiation of his obligation to respect the broker's right to conclude the transaction, take the matter into his own hands, avail himself of the broker's effort, close a sale upon satisfactory terms, and yet deny the broker's right of compensation, is a proposition not to be countenanced. It is no answer in such a case to say that a purchaser has not been produced by the broker, ready, able and willing to buy upon the terms limited by the contract, and the owner is therefore free to deal with the buyer, though produced by the broker, without any liability to the latter. That becomes unimportant in the face of the outstanding fact that it is by the broker the buyer is produced, and, before his negotiation is concluded, a sale is made, as the result of his effort, which is presumably just as satisfactory to the owner. The owner will therefore be deemed, in such a case, to have waived the terms to which the broker was confined, and the law declares him liable for the commissions fixed by the contract, for the reason that, except as to such waived provision, the broker's part of the contract has been fully performed. The decisions of this court clearly affirm this principle. It is recognized, generally, elsewhere; and nothing else could well be the law"—citing Hancock v. Stacy, 103 Tex. 219, 125 S. W. 884; McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721; Hamburger et al. v. Thomas (Tex. Civ. App.) 118 S. W. 770; Loomis v. Broaddus (Tex. Civ. App.) 134 S. W. 743; Chilton & Cole v. Butler, 1 E. D. Smith (N. Y.) 150.

[2] This rule is applicable to the facts of this case. Appellant, the exclusive agent, negotiated with the purchaser produced by the appellees while the contract of employment was in force, and in this way a sale of the land by the executor was consummated at a price satisfactory to him. In view of the findings of the jury, which are sustained by the evidence, the case is brought within the rule announced by the Supreme Court.

After a careful consideration of appellant's propositions of law and the assignments to which they relate, we are of the opinion that no reversible error was committed, and that the judgment of the court below should be affirmed.

Affirmed.