## LAYCOCK v. SUDERMAN et al. (No. 8795.)*

(Court of Civil Appeals of Texas. Galveston. March 17, 1926. Rehearing Denied April 8, 1926.)

**1. Pleading ⬅204(2)—If any item of damages, sufficient in amount to give jurisdiction, is recoverable under allegations of petition, demurrer should not be sustained.**

If any item, sufficient in amount to give jurisdiction, is recoverable under allegations of petition, in action for damages, general demurrer should not be sustained, and it is immaterial whether other items were recoverable.

**2. Pleading ⬅214(1).**

Allegations of fact in petition are taken as confessed by defendant on general demurrer.

**3. Brokers ⬅37—Vendor may recover from broker, who failed to carry out agreement, earnest money paid by purchaser and turned over to broker.**

Vendor could recover from broker earnest money paid by purchaser and turned over to broker, on his failure to carry out agreement to find purchaser for purchase-money note.

**4. Brokers ⬅49(1)—Failure of broker to sell purchaser's note and procure cash for vendor, which was condition precedent to payment of stipulated commission, held to defeat his right to recover such agreed compensation.**

Failure of broker to sell purchaser's note and procure cash for vendor, which was condition precedent to payment of stipulated commission, held to defeat his right to recover such agreed compensation; his claim, if any, being on quantum meruit.

**5. Brokers ⬅37—Broker's claim for commission on quantum meruit held not to affect sufficiency of vendor's petition for recovery of earnest money wrongfully retained by broker.**

Broker's claim for commission on quantum meruit held not to affect sufficiency of vendor's petition for recovery of earnest money paid by purchaser and wrongfully retained by broker, who failed to carry out agreement to find purchaser of purchase-money note.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by Chas. W. Suderman and others against W. H. Laycock. Judgment for plaintiffs, and defendant appeals. Affirmed.

Kenyon & Stubbs, of Galveston, for appellant.

Levy & Barker, of Galveston, for appellees.

PLEASANTS, C. J. This suit was brought by appellees against the appellant to recover damages for the alleged breach by appellant of a contract for the sale by appellant of real property owned by appellees and situate in the city of Galveston. For cause of action plaintiffs' petition alleges:

"I. That plaintiffs at all times herein mentioned were the owners of those certain premises known and designated as lots two (2), three (3), and four (4) in the southwest block of outlot one hundred sixteen (116), with improvements, located in the city and county of Galveston, Texas, and that defendant conducted a real estate agency in the city and county of Galveston, Texas.

"II. That on or about the 10th day of April, A. D. 1924, plaintiffs, acting by and through said Collis P. Suderman, gave defendant authority to sell the said premises aforesaid and all fixtures therein contained for the sum of twelve thousand five hundred ($12,500.00) dollars, cash.

---

"III. That about a week later defendant reported to plaintiffs that he had a purchaser, to wit, Frank H. Pfister and wife, Belle Pfister, who were willing to buy the premises in consideration of twelve thousand five hundred ($12,-500.00) dollars, one thousand dollars of which was to be paid in cash and the balance in two notes, one in the sum of eight thousand ($8,-000.00) dollars and the other in the sum of thirty-five hundred ($3,500.00) dollars; the first to be secured by a first lien and the other of said notes to be secured by a second lien. That plaintiffs again told defendant that they wanted to sell this property for cash, but, in the event they could not receive all cash they would agree, to sell the property for nine thousand ($9,000.00) dollars cash, and were willing in addition thereto to accept a note for thirty-five hundred ($3,500.00) dollars to be secured by a second lien.

"IV. Defendant then agreed with plaintiffs that if they were willing to sell the property to the said Frank H. Pfister and wife, Belle Pfister, for one thousand ($1,000.00) dollars in cash, and also in consideration of their executing two notes, one for eight thousand ($8,000.-00) dollars and one for thirty-five hundred ($3,-500.00) dollars, defendant would sell the said eight thousand dollar note and give plaintiffs cash therefor before any conveyance would be made by plaintiffs of this property, so that when the sale was finally consummated plaintiffs would receive nine thousand ($9,000.00) dollars in cash and one note for thirty-five hundred ($3,500.00) dollars. That plaintiffs explained to defendant the necessity of the sale of the eight thousand dollar note in the event they agreed to his terms because it was necessary to obtain no less than sixty-seven hundred and forty ($6,740.00) dollars in cash to pay off and satisfy an indebtedness secured by a vendor's lien in favor of W. G. Tabb, and in addition to the said obligation due the said W. G. Tabb, plaintiffs fully explained to defendant that there was also due a certain amount of back taxes aggregating approximately three hundred seventy-five ($375.00) dollars and certain insurance accounts, all of which would have to be paid in order to satisfy buyers and before a conveyance could be made.

"V. That on the basis of the contract and agreement made by and between plaintiffs and defendant and defendant's binding promise and obligation to deliver nine thousand ($9,000.00) dollars in cash to plaintiffs in part consideration of their transfer of said property aforesaid, on April 25, 1924, plaintiffs, as vendors, made and executed an earnest agreement with the said Frank H. Pfister and wife, Belle Pfister, a copy of which earnest agreement is hereto attached and marked Exhibit A. That at the time said earnest agreement was made and executed it was well known to defendant, W. H. Laycock, and to the said Frank H. Pfister and wife, Belle Pfister, that the eight thousand dollar note named in said agreement was to be sold and disposed of by the defendant and the sum of eight thousand ($8,000.00) dollars cash was to be delivered to plaintiffs therefor.

"VI. That defendant, after delaying the transaction for more than sixty days, utterly failed to find a purchaser for said note aforesaid and utterly failed to comply with the terms of his contract and agreement made with these plaintiffs. That as a result of defendant's breach and default of his contract with plaintiffs they were not in a position to close the sale with the said Frank H. Pfister and wife, as under the terms of their earnest agreement they were legally bound to do. That said Frank H. Pfister and wife, Belle Pfister, made demand upon plaintiffs to deliver the said property in compliance with the terms of said earnest agreement and threatened to file suit against plaintiffs for specific performance and damages in the event plaintiffs failed to do so.

"VII. That as a result of defendant's breach, failure, and neglect, the plaintiffs found themselves confronted with a lawsuit and unable to carry out the terms of the said earnest agreement aforesaid, and were compelled to obtain and employ the services of an attorney, to wit, Adrian F. Levy, in order to defend and protect them, and in order to have the said earnest agreement aforesaid set aside and to placate the demands of the said Frank H. Pfister and wife, Belle Pfister. That their attorney was compelled to enter into an agreement with the said W. G. Tabb whereby the payment of the notes held by him against said property was extended and finally succeeded in prevailing upon the said Frank H. Pfister and wife to assume the payment of the said Tabb notes, in consideration of which plaintiffs were compelled to waive their right in and to rents received and collected by the said Frank H. Pfister and wife, Belle Pfister, during their use and occupancy of the apartment house sold by plaintiffs to them from March 3, 1923, to August 19, 1924, aggregating approximately six hundred fifty dollars ($650.00).

"VIII. That in order to conciliate the said buyers, and in settlement of their claims for damages against plaintiffs as a result of the delayed conveyance to them which was caused by the breach of defendant's contract and obligation with plaintiffs, it was necessary for plaintiffs to accept a note in the sum of five thousand one hundred ninety-four ($5,194.00) dollars secured by a second lien, payable in small monthly installments of thirty to seventy dollars each, and extending over a period of seven years. That under the agreement originally made with the defendant plaintiffs were to have received a note in the sum of thirty-five hundred ($3,500.00) dollars, which was to have been paid off at the rate of one hundred ($100.-00) dollars per month, which resulted in damage to plaintiffs, for the reason that said second lien note in the sum of five thousand one hundred ninety-four ($5,194.00) dollars, because of the extremely small monthly installments by which it is to be paid, together with the fact that it is secured by a secondary and inferior lien and is in such substantial amount, makes it practically impossible for plaintiffs to sell or dispose of said note to other parties, unless at a loss and sacrifice of approximately two thousand ($2,000.00) dollars. That plaintiffs were also compelled to pay the sum of three hundred ($300.00) dollars to their attorney for his services in setting aside the said earnest agreement aforesaid and in arranging and completing all necessary and incidental details in connection with this conveyance, which charge is reasonable.

"IX. That at the time said earnest receipt was executed said buyers delivered their check in the sum of one thousand ($1,000.00) dollars as earnest money to said Collis P. Suderman and

that thereafter the said check was indorsed by the said Collis P. Suderman and delivered to the said W. H. Laycock with the express understanding that it was not to be cashed or presented for payment until the sale was ready to be closed. That notwithstanding this agreement and in absolute violation thereof defendant proceeded to cash this check and retain the proceeds thereof. That thereafter, when it was made clear that defendant had breached his contract with plaintiff, demand was made upon him for the return of this earnest money, which defendant refused to deliver over. That, after repeated demands had been made by plaintiffs through their attorney, defendant finally delivered to plaintiffs the sum of three hundred seventy-five ($375.00) dollars, retaining the balance of said earnest money, to wit, the sum of six hundred twenty-five ($625.00) dollars, which he has failed and refused, and which he now refuses to pay over to these plaintiffs.

"X. That defendant absolutely failed to comply with the terms of his contract and agreement with plaintiffs. That he failed to sell this property for plaintiffs at the price and according to the terms acceptable to plaintiffs and as agreed to by and between plaintiffs and defendant. That defendant's customers, to wit, Frank H. Pfister and wife, Belle Pfister, had been interested in the purchase of this property by plaintiffs more than one month prior to the signing of the earnest receipt and before defendant had negotiated with them, and that as a direct result thereof plaintiffs, by virtue of their having to employ an attorney and of surrendering certain valuable rights and losing rents and other sums of money and the refusal of defendant to pay over to plaintiffs the sum of six hundred twenty-five ($625.00) dollars now in his possession have been damaged in the sum of fifteen hundred seventy-five ($1,575.00) dollars.

"Wherefore plaintiffs pray that defendant be cited to appear and answer this petition and upon a final hearing hereof that they have judgment of and from the defendant in the sum of fifteen hundred seventy-five ($1,575.00) dollars, for costs of suit and for such other and further relief, special and general, in law and in equity, that he may be justly entitled to."

The defendant answered by general demurrer and general denial and by special pleas and suit in reconvention for damages. These pleas and appellant's claim for damages are not material to any issue presented by this appeal, and therefore their nature need not be shown. The trial in the court below without a jury resulted in a judgment in favor of plaintiffs for the sum of $675.

There is no statement of facts with the record and no conclusions of fact by the trial court. Appellant's brief contains no assignment of error and the only proposition presented for our consideration is that—

"The damages claimed by appellees are not such as are recoverable in an action at law or in equity."

This proposition, in effect, challenges the ruling of the trial court refusing to sustain appellant's general demurrer to plaintiffs' petition. We do not think the court erred in overruling the general demurrer.

[1] In the state of the record here presented, we are not required to determine whether all of the items of damages claimed by appellees were recoverable under the allegations of the petition. If any of the items were recoverable under the allegations of the petition and such item was sufficient in amount to give the trial court jurisdiction of the cause of action, the general demurrer should not have been sustained.

[2-5] Under the allegations of fact contained in the petition, which upon a general demurrer must be taken as confessed by appellant, we think it clear that the claim for $675 earnest money wrongfully retained by appellant was a valid claim recoverable in this suit. If, as alleged in substance in the petition, appellant obtained appellees' signature to the contract of sale by his promise and agreement to procure the $8,000, the procurement of which was a condition on which appellees' agreement to pay appellant a stipulated commission was based, the failure of appellant to comply with his contract would defeat his right to recover such agreed compensation. His claim, if any, against appellees, would be on a quantum meruit, and such claim, if set up in appellant's pleadings, would not affect the sufficiency of appellees' petition for recovery of the whole amount of the earnest money alleged to have been wrongfully retained by appellant. McDonald v. Cabiness, 102 S. W. 721, 100 Tex. 615; Largent v. Storey (Tex. Civ. App.) 61 S. W. 977.

These conclusions require an affirmance of the judgment of the trial court, and it has been so ordered.

Affirmed.